## ESTERLY *vs.* COLE.

Although the law does not, in general, give interest upon an open running account for goods sold, yet it may be recovered where there was a stipulated term of credit which has expired, or where there is an agreement express or implied to pay interest.

And an agreement to pay interest may be inferred from the course of dealing between the parties, as where it has been charged and allowed under like circumstances.

So it may be inferred from a uniform practice of the creditor to charge interest, known to the customer at the time of the dealing.

So also where there is a general usage in any particular trade or branch of business, to charge and allow interest, parties having knowledge of the usage are deemed to contract with reference to it.

This court, on appeal from a judgment of the supreme court, rendered on a report of referees, can not review a mere question of fact. The conclusions of fact must be found by the referees or the court of original jurisdiction, and stated in the record, so as to leave for this court nothing to pass upon except pure questions of law.

THIS was an action of assumpsit in the supreme court, brought by M. and P. Esterly against Cole, to recover the balance of an account for goods sold, &c. The plaintiffs were merchants at Medina, Ulster county, and the defendant, who resided in the vicinity, was their customer from 1837 to 1840. It was the practice of the plaintiffs to charge interest after six months on goods sold by them, and the referees, before whom the cause was heard, found from the evidence that this fact was known to the defendant. It was also proved that it was the general usage among merchants in that neighborhood to charge interest after six months on their accounts. The proof of this fact was objected to, but the objection was overruled. The referees reported in favor of the plaintiffs for the sum of $1144,03, including over $400 for interest. The supreme court refused to set aside the report, and the defendant appealed to this court. A statement of the facts was entered in the record.

*R. W. Peckham*, for appellant.

*M. Schoonmaker*, for respondent.

BRONSON, Ch. J. The plaintiffs are merchants, and have recovered interest after six months on an open running account for goods sold and delivered. The law does not give interest in such a case; and it can only be recovered where there was either a stipulated term of credit, which has expired; ( *Van Rensselaer* v. *Jewett,* 2 *Comst.* 135 ;) or an agreement, express or implied, to pay interest.

An agreement for interest may be inferred from the course of dealing between the parties; as where interest has before been charged and allowed under the like circumstances. Also where the creditor has a uniform practice of charging interest, which was known to the customer at the time of the dealing. And where there is a general usage in any particular trade or branch of business to charge and allow interest, parties having knowledge of the usage are presumed to contract in reference to it ; and if the usage does not conflict with the terms of the contract,

it will be deemed to enter into and constitute a part of it. Knowledge of the usage may be established by presumptive, as well as by direct evidence. It may be presumed from the fact that both parties are engaged in the particular trade or branch of business to which the usage relates; and also from other facts, as the uniformity, long continuance and notoriety of the usage.

The facts found and stated in this case touching the question of interest, are, that it was the practice of the plaintiffs, and the general custom [usage] of merchants in the neighborhood to charge interest after six months; and that the defendant knew of the plaintiffs' custom [practice] to charge interest. This means, I presume, that he knew at the time of the dealing; and if he dealt with the plaintiffs, knowing their practice to charge interest, he must be deemed to have assented to the terms, and agreed to pay interest.

But it is said that there was not sufficient evidence from which to find the fact of knowledge. That is a question with which we, as an appellate court, have nothing to do. The court of original jurisdiction may set aside a report of referees when it is either against the weight of evidence, or without sufficient evidence to support it. But an appellate court has no such power. Where the trial was before referees, error can only be brought on a case containing a statement of facts—not evidence—prepared and inserted in the record by the court of original jurisdiction. The case is in the nature of a special verdict, which leaves nothing for a court of review but the questions of law arising out of the facts thus stated. We can not inquire whether the court below in the one case, or the jury in the other, has drawn the proper conclusions of fact from the evidence. The first instance of a review in an appellate court, where the trial was before referees, was *Reid* v. *The Rensselaer Glass Factory*, (3 *Cowen*, 387, and 5 *id.* 587;) and it will be seen that the review was not had on the evidence before the referees, but on a statement of facts drawn up under the direction of the court below, and incorporated in the judgment record. I will barely mention a few other cases touching the point of practice.

(*Feeter* v. *Heath,* 11 *Wend.* 477 ; *Kauffman* v. *Copous,* 16 *id.* 478 ; *Melvin* v. *Leaycraft,* 17 *id.* 169 ; *The People* v. *The Superior Court of N. Y.* 20 *id.* 663 ; *McPherson* v. *Cheadell,* 24 *id.* 15.) Several things are established by these authorities : First, that for the purpose of a review in an appellate court, a case containing a statement of facts—not the evidence before the referees, but the conclusions of fact drawn from that evidence by the court of original jurisdiction—must be settled by that court, so as to leave nothing for the appellate court but questions of law arising out of established facts : Second, this case must be inserted in the judgment record, with proper entries to show that the court below was moved to set aside the report of the referees ; that the motion was denied, and judgment rendered against the complaining party : Third, if mere evidence is inserted in the case, the appellate court will not pass upon it : and Fourth, the appellate court has no authority to review, in any way, the settlement of the case in the court below ; but must take the facts to be truly stated.

An objection to the admission of evidence remains to be considered. The plaintiffs, in addition to showing their own practice, proved that it was the general usage of merchants in that neighborhood to charge interest after six months. If this had been followed up with sufficient proof that the defendant knew of the usage at the time he dealt with the plaintiffs, it would have made out a case for charging him with interest. As the usage might form a link in a chain of evidence going to charge the defendant, it was proper to hear it ; and the decision of the referees in admitting it did not become improper because the plaintiffs failed to produce the further evidence which was necessary to give effect to the usage.

I understand the word "neighborhood," as used in the case, to mean the same town or place where the plaintiffs carried on business, and not a different town or place.

Although I should not be able to concur with the supreme court in finding from the evidence the fact that the defendant knew of the plaintiffs' practice to charge interest, yet as that

fact is stated in the case, which we are bound to regard as prop·, erly settled, I see no error in point of law, and am of opinion that the judgment should be affirmed.

Judgment affirmed.