(15 App. Div. 102.)

### HOWELL v. DIMOCK et al.

(Supreme Court, Appellate Division, Second Department.   March 16, 1897.)

1. COUNTERCLAIM—DEPRECIATION OF PLEDGED PROPERTY.
     A pledgor has no counterclaim against the pledgee for failure to exercise his authority to sell in case of depreciation of the pledged property, no duty to sell in such event having been assumed by the pledgee.

2. LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION—JOINT CONTRACTORS.
     Partners are, as to a firm note, "joint contractors" (Code Civ. Proc. § 398), and therefore service of summons on one of them stops the running of the statute as to the other.

3. CUSTOMS—CONFLICT WITH TERMS OF CONTRACT.
     A custom as to the sale of securities pledged for a loan cannot be shown to contradict the terms of the pledge.

Appeal from trial term, New York county.
Transferred from First department.

Action by Franklin Howell against Anthony W. Dimock and another.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendants appeal.   Affirmed.

The action was brought against Anthony W. Dimock and Arthur V. Dimock, upon a promissory note made by them in their firm name, of A. W. Dimock & Co., of which the following is a copy:

"50,000.                                        New York, Feb. 21, 1884.

"Eight months after date, we promise to pay to Merchants' and Mechanics' Bank of Scranton, or order, fifty thousand dollars, for value received, with interest at the rate of five per cent. per annum, having deposited with them as

collateral security, with authority to sell the same at the brokers' board, or at public or private sale, or otherwise, at their option, on the nonperformance of this promise, and without notice, six hundred shares Bankers' & Merchants' Telegraph stock. A. W. Dimock & Co."

The plaintiff alleges default in payment; that thereafter the stock was sold by the bank, which received, as the net proceeds of the sale, $1,777; and that thereafter the plaintiff became the lawful owner of the note. The defendant Anthony W. Dimock alone answered the complaint.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

B. C. Chetwood, for appellants.
Charles T. Haviland, for respondent.

BRADLEY, J. When the action came on to trial, the defendants' counsel moved for judgment, on what he termed a "counterclaim," for want of a reply. The defendant did not allege in his answer any cause of action against the plaintiff, but did allege that the bank, the payee of the note, was authorized, in case of the depreciation of the stock, to realize on it; that the bank negligently failed to sell such stock until it had become nearly worthless; and that thereby a "loss of fifty thousand dollars was occasioned to the defendant," which "he claims to be set-off and counterclaim against any recovery" by the plaintiff.

It is essential to a counterclaim that the facts alleged constitute a cause of action in behalf of the defendant, or, in a proper case, against the plaintiff, or, in a proper case, against the person whom he represents. Code Civ. Proc. § 501. There is a failure to allege in the answer facts sufficient to constitute either. It is not charged that the bank undertook to sell the pledged securities, or assumed any duty to that effect. The allegation that the payee in the note was authorized to sell the stock did not necessarily require it to do so, nor charge the bank with liability for failing to exercise such authority.

It appeared that the summons and complaint were personally served on the defendant Arthur V. Dimock on August 11, 1890, and that the service on the other defendant was made January 16, 1894. The latter defendant, having alleged the statute of limitations as a bar, moved for dismissal of the complaint on that ground. The exception to the denial of his motion was not well taken, as the defendants were joint debtors or contractors. The service upon one of them, within six years after the cause of action accrued, was effectual to defeat the statute of limitations as to both defendants. Code Civ. Proc. § 398.

The evidence offered by the defendant to prove the course of business in Wall street, or the custom there in regard to the sale and disposition of securities pledged for a loan, with a view to realizing from them, was properly excluded. The terms of the pledge expressed in the note were such as not to permit the bank to sell the stock before the default in payment. And, for the like reason, the exception was not well taken to the exclusion of evidence offered to charge the payee of the note with negligence for not sell-

ing the stock before the note became due. Until then, the bank had, by the terms of the contract, no authority to sell it. The court expressly limited such ruling to evidence of that character, relating to the time before maturity of the note, and advised the counsel that he would be permitted to introduce evidence tending to prove such fact as of a time subsequent to the defendants' default in payment of the note. This was as far as the court could legitimately be required to go. There was no question for the jury. The verdict was properly directed for the plaintiff. None of the exceptions were well taken.

As the defendant Arthur V. Dimock was inadvertently joined in the notice as appellant, the appeal should be dismissed as to him, and as to the other defendant the judgment should be affirmed. All concur.