(20 App. Div. 612.)

GOULDS MANUF'G CO. v. MUNCKENBECK et al.

(Supreme Court, Appellate Division, Second Department.  October 5, 1897.)

1. SALES—TERM OF CREDIT—INTEREST.
    Where goods are sold and delivered, and the accompanying invoices state on their face a specified term of credit, the term thus expressed constitutes, if nothing further intervenes to modify its effect, a part of the contract of sale; and interest begins to run, in case of nonpayment, from the expiration of the specified term.

2. SAME—EFFECT OF CUSTOM.
    Terms of credit, expressed without ambiguity, in invoices accompanying goods sold and delivered, and unqualifiedly accepted by the purchaser, are not overcome by a mere usage or custom of the trade in which the latter is engaged, since the rule that parties are presumed to contract in reference to custom applies only when the terms of the contract are such as to permit its application without conflicting with them.

3. SAME—ESTOPPEL TO ASSERT CLAIM.
    Where goods were sold and delivered, and the accompanying invoices stated a specified term of credit, the seller was not estopped to claim interest from expiration of that credit by the fact that in the course of several years of dealings between the parties the buyer was not considered in default for not paying for the goods on the expiration of the credit specified in the invoices.

Appeal from trial term, Kings county.

Action by the Goulds Manufacturing Company against Thomas Munckenbeck, Alfred Munckenbeck, and Ferdinand Munckenbeck. From a judgment entered on a verdict in favor of defendants, and from an order denying a new trial, plaintiff appeals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry Marshall, for appellant.

T. Ellett Hodgskin, for respondents.

BRADLEY, J.    The subject of the controversy is the interest upon the price of a quantity of goods sold and delivered by the plaintiff to the defendants, who composed the firm of Munckenbeck Bros.  There is no question about the nature, quantity, or price of the goods sold, or of the time of the sale and delivery of them.    They were ordered by the defendants, from time to time, in the years 1891 and 1892, and, following the orders, respectively, the goods, with invoices of them, were delivered to the defendants.    In these invoices it was stated that the Goulds Manufacturing Company sold to Munckenbeck Bros., terms, 30 days, the goods at the prices there mentioned. The plaintiff, treating the terms of credit for the goods as designated and adopted by the parties, sought to recover interest upon the principal sums unpaid from and after the expiration of the 30 days following the time of the sale and delivery of the respective bills of goods.    The apparent import of the invoices accompanying the goods was that they were sold and delivered upon a credit of 30 days, and such was the apparent effect, as between the parties, when the goods and the invoices were received by the defendants without any objection, protest, or qualification.    It follows that, unless something further intervened to modify such effect, the term of credit so expressed

constituted part of the contract of sale (Dent v. Steamship Co., 49 N. Y. 390; Manufacturing Co. v. Dunning, 2 N. Y. St. Rep. 711); and, as the consequence, the plaintiff would be entitled to interest from the time of default in payment arising from the failure to pay at the expiration of the 30 days after the delivery of the bills of goods, respectively (Van Rensselaer v. Jewett, 2 N. Y. 135; Adams v. Bank, 36 N. Y. 255). This rule of law is so familiar and common in its application to ordinary business transactions as to require the expression of no further consideration. It is, however, urged on the part of the defendants that, by reason of a custom in the plumbing trade, in which they were engaged, they were not in default for not paying the bills for the goods on the expiration of the 30 days, but that, to put them in default, it was necessary for the plaintiff to furnish them with a further statement of the goods, and that the observance of the custom required that the statements be furnished monthly, or on the 1st of each month. The defendants gave evidence tending to prove that their habit had been to receive monthly statements of goods delivered during the preceding month; that they were examined, and, if found correct, paid, and that the invoices, when received, were checked off, and, if found to correctly represent the goods received, were laid aside; that they had dealt with the plaintiff several years; that prior to the time of the commencement of the delivery of the goods in question, in 1891, the plaintiff had furnished monthly statements to them, and that they gave no attention to the terms of credit expressed in the invoices. The evidence of the defendant who testified on the subject related mainly to the dealings of his firm in buying and selling plumbing materials. It does not appear that any person of whom they purchased goods, other than the plaintiff, placed any terms of credit in their invoices. The evidence on the part of the defendants is to the effect that the habit in their dealings had been to receive and furnish monthly statements upon which to make and receive payments of bills of goods. The evidence by which the defendants sought to prove usage in the trade was received against the objection of the plaintiff's counsel that the matter of the custom of the plumbing trade had no application to the plaintiff's claim for interest. The method adopted by the plaintiff, as appears by the terms expressed in their invoices of goods sold, was to sell them on a credit of 30 days. The defendants had the invoices, and were thus advised of the terms of the sale and credit when the goods were received. The unqualified acceptance of them was an adoption of such terms, which thus became part of the contract of the sale and purchase of the goods. They appear in the contract, and nothing is found in the evidence to take those terms from it, or to deny to them the effect which they purport to have. And, being part of the contract, without any ambiguity, the terms of credit, like any other provision of the contract, are not subject to be overcome by mere usage or custom of the trade in which the defendants are engaged. Insurance Co. v. Hone, 2 N. Y. 235; Howell v. Dimock, 15 App. Div. 102, 44 N. Y. Supp. 271. The rule is well established that parties dealing and contracting as to matters in relation to which there is a uniform, continuous, and well-settled custom are presumed to contract in ref-

erence to such custom when nothing appears in the contract to the contrary.   McAllister v. Reab, 4 Wend. 485;  Esterly v. Cole, 3 N. Y. 502;  Walls v. Bailey, 49 N. Y. 464;  Newhall v. Appleton, 114 N. Y. 140, 21 N. E. 105;  Atkinson v. Truesdell, 127 N. Y. 232, 27 N. E. 844.   It will be seen by reference to the cases just cited that such rule relating to usage applies to dealings between parties only when the terms of their contract are such as to permit its application without conflicting with them.   When a custom or usage is not consistent with the terms of a contract between parties, the latter necessarily, in legal effect, governs their rights.   It is, however, suggested by counsel that, if the terms of credit in the invoices are treated as an essential part of the contract, they could be waived by the plaintiff, and should be treated as waived by force of the usage referred to, and in view of the former dealings between the parties.   There is a marked difference between the waiver of strict performance of a condition precedent and the discharge of a person from legal liability which he has assumed by the contract.   The cases cited by the learned counsel for the defendant relate to the former, which requires no consideration for its support, as well as those referring to circumstances which may be productive of equitable estoppel.   They have no necessary application to the question of releasing a party to a contract from legal obligations which he has assumed by it.   A consideration is essential to such a release.   Crawford v. Millspaugh, 13 Johns. 87;  Jackson v. Stackhouse, 1 Cow. 122.   As has been observed, the legal effect of the terms of the contract was such that interest began to accumulate on the expiration of the specified credit; and as the interest accrued it became part of the debt, from which the defendants could not become relieved without payment, or by release having the support of a consideration.   Neither is claimed as a defense.   On the conceded fact that the terms of credit were expressed on the face of all the invoices of the goods in question, we think the plaintiff was entitled to the verdict which the court was requested, by its counsel, to direct, and that the exception to the denial of such request was well taken.

The judgment and order should therefore be reversed, and a new trial granted; costs to abide the event.   All concur.