THE BOROUGH OF MADISON, complainant and appellant,

*v.*

THE MORRISTOWN GASLIGHT COMPANY, defendant and respondent.

[Filed March 2d, 1903.]

1. The authority conferred upon the Morristown Gaslight Company, by section 1 of its charter, to sell gas for the purpose of lighting the streets, buildings, manufactories and other places, situated in Morristown and its vicinity, does not authorize that company to enter into the independent municipality of Madison, four miles distant from Morristown, and lay pipes in the streets thereof.

2. The authority, conferred by section 2 of the defendant company's charter, to lay down their gas pipes * * * in the streets, alleys, lanes, avenues and public grounds of Morristown and its *vicinity*, does not authorize them to lay their gas pipes in the streets of other places, constituting independent municipal governments, beyond and outside of the municipal corporation of which the unincorporated village of Morristown was a part in 1855.

On appeal from a decree advised by Vice-Chancellor Stevens, whose opinion is reported in *18 Dick. Ch. Rep. 120.*

*Mr. Charles A. Rathbun,* for the appellant.

*Mr. Joseph Cross* and *Mr. Willard W. Cutler,* for the respondent.

The opinion of the court was delivered by

FORT, J.

The bill in this case is filed by the borough of Madison to enjoin the defendant company and its agents from digging trenches and the like in Madison avenue in said borough.

The Morristown Gaslight Company was incorporated by special act of the legislature, approved February 19th, 1855.

*P. L. of 1855 p. 74.* By the first section of the act it is provided that the company "shall have power and authority to manufacture, make and sell gas * * * for the purpose of lighting the streets, buildings, manufactories and other places, situated in Morristown and its vicinity, and to enter into and execute contracts, agreements or covenants in relation to the objects of the corporation." The second section enacts that the corporation shall be "empowered to lay down their gas pipes, and to erect gas posts, burners and reflectors in the streets, alleys, lanes, avenues and public grounds of Morristown and its vicinity and the dwellings, stores and other places situated therein."

The borough of Madison was incorporated in 1889, under the Borough act of 1878, and is now governed by the General Borough act approved April 24th, 1897. *P. L. of 1897 p. 295 § 96.* By section 28 of the Borough act of 1897, boroughs are given power "to prescribe the manner in which corporations or individuals shall exercise any privilege granted to them in the use of any street, road or highway, or in digging up the same for any purpose whatever," and further "to provide for the sewerage or drainage of the borough and for the laying of pipe for the conveyance of water and gas for private or public use in the streets, highways or alleys, or beneath the sidewalks of said borough, and to regulate the same." The defendant company in this case is admittedly in the act of opening Morris avenue without the consent of the borough; the defendant claiming that, by its charter, it is empowered to lay down gas pipes "in the streets, alleys, lanes, avenues and public grounds of Morristown and its vicinity," without interference by any municipal or other authority so long as it does not affect or impede public travel, "and it shall restore the highways opened by it and leave the same in as good condition as before." *P. L. of 1855 p. 74 § 2.*

At the time the charter was granted to the defendant company, Morristown was quite compactly settled and was a part of Morris township, in the county of Morris, but was not incorporated. Madison was likewise an unincorporated village, situated within

the township of Chatham, in Morris county.  Madison is about four miles from Morristown.  Morris township and Chatham township adjoined in 1855, and that part of Chatham township out of which the borough of Madison was carved in 1889 lies adjoining the Morris township line.

The question here is a very narrow one.  Does the right to lay gas pipes in the streets, lanes, avenues, alleys and public grounds of *Morristown and its vicinity* authorize the defendant company to enter and lay gas pipes in the streets of an adjoining, independent municipality?  It seems to me that such a construction is doing violence to language.  It cannot be that the legislative purpose was to confer upon the defendant company, under its right to lay gas pipes in streets and to supply gas to buildings in the vicinity of Morristown, the power to enter adjoining municipalities which had independent governments and of which Morristown was not then a part.

Vicinity, as used in the statute, applies only to the streets, avenues, lanes, alleys and public places adjoining the village of Morristown.  It does not embrace other places and territory, constituting an independent municipal government, beyond and outside of the municipal corporation of which the unincorporated village of Morristown was a part in 1855.  English's law dictionary defines "vicinity" as "adjacent—that which is near."  Webster defines "vicinity" as (1) the quality or state of being near, or not remote; nearness; proximity; (2) that which is adjacent to anything; neighborhood.  "Neighborhood" is defined as "dwelling near; a place near; adjoining district; the inhabitants who live in the vicinity of each other; as the fire alarmed all the neighborhood."

Chief-Justice Bronson, in *Easterly* v. *Cole, 3 N. Y. 502, 505,* says: "I understand 'neighborhood' to mean the same town or place where the plaintiff carried on business, and not a different town or place."  In *Coyle* v. *Chicago Railroad Co., 27 Mo. App. 584,* the court adopts Webster's definition.

The act of incorporation of the defendant company is not difficult of construction.  Its language construes itself.  The company is incorporated to supply gas "for the purpose of

lighting the streets, buildings, manufactories and other places situated in Morristown and its vicinity." Every building or other place in Morristown may be lighted. Buildings in the vicinity of Morristown may also be lighted. The intent was to give the defendant the right to lay gas pipes and light Morristown and the buildings or factories lying in its vicinity—that is, adjoining Morristown.

If this construction is not put upon the act, where will you say "vicinity" extends? If it takes in the independent municipality of Madison, why not Chatham and Summit? Is it not clear that the legislature meant to confine the franchise of this company to the place named in the act and its vicinity, as contradistinguished from other towns and places? It seems to me this is clear.

The decree below is reversed, with costs in this court, and an order should be entered in the court of chancery for an injunction according to the prayer of complainant's bill.

*For reversal*—VAN SYCKEL, FORT, HENDRICKSON, BOGERT, VREDENBURGH, VOORHEES, VROOM—7.

*For affirmance*—DIXON, GARRETSON—2.