The BOND DISTRIBUTING CO., and Edward Borow, Appellants,

v.

CARLING BREWING COMPANY, Incorporated, Appellee.

No. 9114.

United States Court of Appeals Fourth Circuit.

Argued Nov. 11, 1963.

Decided Nov. 19, 1963.

---

* Apparently, the correct names of father and son are Francis E. and Francis R., respectively.

———◆———

Philip Dorfman, Philadelphia, Pa. (Paul R. Kach, Baltimore, Md., on brief), for appellants.

William L. Marbury, Baltimore, Md. (Frederic S. Cross, John Martin Jones, Jr., John C. Cooper, III, Baltimore, Md., and William B. Norris, Cleveland, Ohio, on brief), for appellee.

Before BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

The plaintiffs-appellants prosecute this appeal from an order of the District Court for the District of Maryland denying their motion for further discovery and granting defendant's motion for summary judgment on Count 4 of the plaintiffs' complaint. The Court determined that there was no just reason for delay and directed the entry of final judgment against the plaintiffs pursuant to Rule 54(b), F.R.Civ.P. Count 4 asserted a claim for treble damages based on an alleged violation of the Sherman Act, 15 U.S.C.A. §§ 1 and 2.

This litigation was commenced in October 1959 and grew out of the defendant's termination and alleged breach of a contract under which Bond Distributing Co. had been operating as a beer distributor. The primary question on appeal is whether the District Court erred in granting the motion for summary judgment as to Count 4 of the complaint. A subsidiary question is whether the Court abused its discretion in limiting plaintiffs' pretrial discovery.

In a formal written opinion,[1] which should be read in connection herewith, the District Court recited with particularity the protracted proceedings from the very inception of the litigation and explained in detail its reasons for denying the request for further discovery. We have carefully reviewed those portions of the record to which our attention has been directed in briefs and oral argument and we are of the opinion that, rather than abusing its discretion, the Court extended to the plaintiffs more than reasonable opportunities to develop their case through the extensive use of authorized discovery procedures. We find the reasons assigned by the Court for such denial to be most logical and convincing under the circumstances.

We further conclude that, since the plaintiffs were unable to point to any evidence tending to support the allegations of Count 4, the Court did not err in determining that there was no genuine issue of any material fact with respect to such allegations and in granting defendant's motion for partial summary judgment.

Affirmed.

1. Bond Distributing Co. v. Carling Brewing Company, D.C., 32 F.R.D. 409 (April 25, 1963).