G. Royal Neese, Trustee,

*v.*

Scott N. Brown et al.

405 S.W.2d 577.

(*Knoxville*, September Term, 1963.)

Opinion filed June 4, 1964.

John T. Fort, John A. Chambliss, Chattanooga, for appellants, John P. Gaither, Leonard R. Tanner, Jr., Taber, Chambliss & Stophel, John T. Fort, Dietzen, Graham & Dietzen, Spears, Moore, Rebman & Williams, Coffey, Durand, Coffey, Chambliss, Chambliss & Hodge, Harry J. Schaeffer, Chattanooga, of counsel.

W. A. Wilkerson, Chattanooga, for appellee.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The bill, as amended and supplemented, was filed by G. Royal Neese as Trustee in Bankruptcy of the First Trust Company, Bankrupt, against the defendants who were directors of said company, for losses sustained by

that company as the result of the failure of the defendants to use due care and diligence in the discharge of their duties as such directors.

The defendant directors filed demurrers and pleas in bar. The Chancellor overruled the demurrers, and overruled the pleas in bar and allowed a discretionary appeal. The questions presented have been ably briefed and argued. After spending several days studying this matter, the authorities cited in the briefs, and making an independent investigation, we now have the matter for disposition.

The bill charges the defendants with numerous acts and failures to act which, it is said, constituted negligence and likewise charges these defendants with the failure to use reasonable care and diligence in the discharge of their duties as directors of this trust company, which, it is said, caused substantial losses to the company.

Briefly the acts of negligence charged are: (a) failure to give as much time and attention to the affairs of the corporation as the care of its business interests required; (b) virtual abdication of their control of the corporation by turning the entire management of the corporation over to its president, Scott N. Brown; (c) failure to inform themselves of the affairs, conditions and management of the corporation; (d) ignored their duties as directors and paid no attention to the company's affairs; (e) took no action to direct or control the company, its officers and agents; (f) permitted large, open unsecured loans to be made by the company to affiliated companies which were dominated, controlled and owned by the said Scott N. Brown, and said companies were not financially sound; (g) failed to examine the financial reports on the company prepared by a firm of public accountants,

690

which financial reports the defendants knew existed, and which on examination by them would have disclosed the continuing unsound and disastrous financial practices of the company; (h) reliance on selected portions of said reports read to them by the said Brown, and failed to insist on being furnished with said reports, and failure to examine the same, which reports and an examination thereof would have disclosed the illegal diversions of the company's funds and waste of its assets; (i) failure to exercise proper oversight and supervision of the officers and directors of the company.

The bill likewise averred that the negligence, malfeasance, misfeasance and non-feasance on the part of these directors was the direct and proximate cause of large losses suffered by the company.

The bill also alleges that the affiliated companies to whom the loans were made are insolvent, that two of them are in bankruptcy, that the Trustee has obtained judgments against two of them but the judgments are uncollectable, and that the loans cannot be collected.

The demurrers, as amended and supplemented, consist of many grounds. These grounds though may be consolidated in that (1) they allege that the averments of the bill are insufficient to state a cause of action against the defendants; (2) that the suit is premature; and (3) that complainant as Trustee in Bankruptcy cannot maintain an action for negligence against the directors of the bankrupt corporation.

After these demurrers were overruled the pleas in bar were filed averring that the complainant was barred from recovery and estopped to bring this suit because the stockholders had ratified and approved the acts of the directors and officers, and that the Trustee in Bank-

ruptcy having obtained judgments on two of the claims on which this suit is predicated he could not pursue the matter further.

█ It is generally held that the liability of the directors and other officers of a corporation is not limited to wilful breaches of trust or excessive power but also extends to negligence. What constitutes such negligence? In Fletcher's Private Corporations, Vol. 3, 1947 Rev. Ed., sec. 1029, page 541, the author after discussing the question at some length says this:

"The fact remains, however, that, except as already stated, the courts are practically unanimous in their general statements that directors and other corporate officers must be diligent and careful in performing their duties; that the directors must be something more than mere figureheads, etc. And in recent years, courts have in general held directors of corporations to a higher standard of duty than was formerly the rule. A stricter rule has become necessary by a growing inclination on the part of officers and directors of large corporations to consider their personal interests and profits to the exclusion of the rights and interests of a large and uninformed body of stockholders. Whether or not a court will act must be determined by the facts developed on the trial, with the complaining stockholders carrying the burden of proof. Accordingly, it is held that liability may result from mere inaction on their part, where such inaction is the proximate cause of a loss. Likewise, a director is chargeable with knowledge actually possessed or which he might have possessed had he diligently discharged his functions. Ignorance of performance of illegal acts which is the result of inattention does not exculpate."

This standard or requirement of directors of any private corporation is well set forth by this Court in *Wallace v. Lincoln Savings Bank,* 89 Tenn. 630, at page 653, 15 S.W. 448; and in *Shea v. Mabry,* 69 Tenn. 319, beginning on page 342 and extending over to 343. It is true that these duties devolving upon directors of a company like this, or any other corporation, is not the direct problem in these cases, but these duties as set forth in these two Tennessee opinions referred to are particularly applicable in a suit against the directors of any corporation.

In reference to whether or not the allegations in this bill come within the alleged acts of negligence wherein these directors are charged with such acts, the averments of the bill fit the statements made by this Court in the two cases last above cited as to what the duties of the directors of a corporation are. The opinion in the Wallace case was prepared for this Court by Judge Lurton, who afterwards so wonderfully graced the Supreme Court bench of the United States. It might not be amiss to again quote what he said there, because what is so well said by him is equally applicable today, even though the opinion was written some seventy odd years ago. He said:

"Directors, by assuming office, agree to give as much of their time and attention to the duties assumed as the proper care of the interests intrusted to them may require. If they are inattentive to their duties, if they neglect to attend meetings of the board, if they turn over the management of the business of the company to the exclusive control of other agents, thus abdicating their control, then they are guilty of gross neglect with respect to their ministerial duties, and,

if loss results to the corporation by breaches of trust or acts of negligence committed by those left in control, which by due care and attention on their part could have been avoided, they will be responsible to the corporation. The diligence required from them has been defined as that exercised by prudent men about their own affairs, being that degree of diligence characterized as ordinary. If a less degree of diligence is exercised, the negligence is gross, and for losses consequent he is liable. 'What constitutes a proper performance of the duties of a director,' says Mr. Morawetz, 'is a question of fact, which must be determined in each case in view of all the circumstances, —the character of the company, the condition of its business, the usual method of managing such companies, and all other relevant facts must be taken into consideration.' Mor.Priv.Corp. sec. 552.''

■ After very carefully reading and re-reading this bill we think that it does state a cause of action against the directors for nonfeasance and mismanagement of the corporate affairs, including the standard of care and duties imposed upon the directors as hereinabove set forth. The assignments of error which embody the first thirteen grounds of the demurrers to the effect that the allegations of the bill are insufficient to state a cause of action against these defendants are consequently overruled.

Most courts hold that a director, or other officer, of a corporation, although not responsible for errors of judgment is a fiduciary charged with the duty of caring for property of the corporation and managing its affairs honestly and in good faith. *Manning v. Campbell*, 264 Mass. 386, 162 N.E. 770. From our very thorough study

of the matter we have concluded that there is no appreciable conflict of opinion among the courts as to the liability of directors as hereinabove set forth.

■ "In most jurisdictions ordinary or reasonable care and diligence is the test, * * *" Fletcher, supra, sec. 1035, page 555, Under this statement cases from a great many states as well as Federal cases are cited. Our case of *Robertson v. Davis,* 169 Tenn. 659, 90 S.W.2d 746, is cited as authority for this statement. We have read this case and feel sure that this statement is correct in this State, that is, that the test as to whether or not a director is liable depends upon whether or not he has used reasonable care and diligence carrying out his duties. The statement just quoted from Fletcher concludes thus: "and what amounts to ordinary care or lack of it depends upon the facts and circumstances of the particular case."

The Supreme Court of the United States in *Briggs v. Spaulding,* 141 U.S. 132, 142, 165, 11 S.Ct. 924, 35 L.Ed. 662, had this question before it. On page 931 of the 11 S.Ct. reporter, that court said:

"In any view of the degree of care to which these defendants were bound is that which ordinarily prudent and diligent men would exercise under similar circumstances, and in determining that the restrictions of the statute and the usages of business should be taken into account. What may be negligence in one case may not be want of ordinary care in another, and the question of negligence is therefore ultimately a question of fact, to be determined under all the circumstances."

■ It is true the case last cited involved a banking corporation, but such a suit as the present one, which is the common law right of a corporation to hold its officers

liable for breach of their fiduciary duty to it, is the same whether it is a banking corporation or any other private corporation. In the present suit no statute is involved, and we are speaking only of the common law duty of the directors. The authorities that we have cited and the quotations above used are those applicable to the common law duties of directors, and no statutory duty is imposed under these common law obligations.

We again reiterate that the general allegations of negligence and mismanagement above briefly alluded to are sufficiently definite not to be demurrable. Under these allegations the company before bankruptcy could have maintained a suit for reimbursement. This then brings us to the next step in this proceeding which is set forth in assignment of error number one to the effect that the Trustee in Bankruptcy has no right to sue and recover from the directors of a bankrupt corporation for losses resulting from negligence in the performance of their duties as directors. We have just said that the corporation before bankruptcy had a right to maintain such a suit for reimbursement for negligence, etc., of its directors. This right of action was an asset of the company and passed to its Trustee in Bankruptcy. Bankruptcy Act, sec. 70, sub. a(6); 11 U.S.C.A. sec. 110, sub. a(6); *Manning v. Campbell,* supra, and others.

The latest case and most authoritative one that we have found on this subject is that of *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, wherein that court held:

"While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholders' derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the

trustee. For that standard of fiduciary obligation is designed for the protection of the entire community of interest in the corporation—creditors as well as stockholders.''

The author of Vol. 8 C.J.S. Bankruptcy, sec. 194 d, page 991, says:

''Likewise, it has been held that the corporation's right of action against officers and directors for negligence or mismanagement is an asset which passes to the trustee, * * *.''

As authority for this statement cases from Federal courts, Alabama, Massachusetts, New Jersey, and others are cited. We in our study and investigation of the matter have read many of these cases and are convinced that this is a sound rule to follow.

The only case we have found holding opposite to the position we have taken above is that of *Skinner v. Hulsey,* 103 Fla. 713, 138 So. 769. In reading and re-reading that case though we do not think it persuasive under the allegations of the present bill and the manner in which the present suit was brought. In the first place the Florida opinion was rendered on November 27, 1931, or during the height of the greatest depression that any living American can remember. In the second place we think that the controlling feature in the Florida case is not the technical right to bring such an action as we have last above indicated could be, and which we hold can be, brought. This language is found in the Florida opinion:

''* * * it fails to specify that any of the debts of the creditors represented by the trustee in bankruptcy were prejudiced because the acts charged were done after the debts were incurred, or in contemplation

thereof. The bill also fails to so definitely and clearly allege the details of many of the acts set up as to conform to the degree of certainty heretofore exacted of bills in equity undertaking to set up fraud.''

It certainly seems to us that, for these reasons as stated in this Florida opinion, as well as the Georgia case that they were attempting to distinguish, this does not make it persuasive authority in the case now before us. This Skinner case does quote excerpts from some two or three of our cases including *Wallace v. Lincoln Savings Bank,* heretofore cited, and others, but these excerpts have nothing to do with the situation with which we are now confronted. This Skinner case is largely relied upon by the appellants.

It is very forcefully and ably argued that the case of *Atherton v. Anderson,* 99 F.2d 883 (C.C.A. 6, 1938), cited as authority by appellee to the effect that such a suit may be brought as here brought and that directors are liable for the acts that they are here charged with, is not now authority for what this case holds, because the case was written shortly after the depression, and various legislative acts have been enacted since then which give greater protection to people interested in corporations. It is likewise argued that the Atherton case is not authority because it involves a banking corporation. We think that the Atherton case is authority for the position of the appellee, and even though many of the legislative acts were adopted after the happenings of the depression, corporate businesses have grown in this country and the number of people who are stockholders have increased and things of that kind, all these things make it a stronger reason now why the directors of a corporation should exercise all the duties which we have hereinbefore held

that they should exercise when they accept a position as director on a corporate board.

■ We do not think that a Trustee in Bankruptcy must await the outcome of all these involved transactions to see whether or not this money can be collected when it is alleged in this bill that these judgments are uncollectable. It seems to us that such suits are not pre-mature. Under similar allegations in *Green v. Officers & Directors of Trust Co.*, 133 Tenn. 609, 182 S.W. 244; and *Robertson v. Davis,* supra, this Court rejected this defense and we think the rejection in those two suits is equally applicable here.

■ It seems to us that the Chancellor was clearly correct in overruling the pleas in bar filed herein. This appellee, complainant below, as Trustee in Bankruptcy of this corporation should not be barred or estopped to sue these allegedly defaulting directors because they have, under the allegations of this bill, been given a blanket ratification by the stockholders. The substance of these pleas is that the action of the stockholders at the annual meetings from 1959 to 1962, inclusive, approved the acts of these directors, etc., in the furtherance of the business of the corporation for the preceding year. Certainly such does not estop this Trustee from maintaining this suit, because the very allegations of negligence and wrongdoing on the part of these directors in itself is the allegation that these wrongs, through Scott Brown, were done in approving all acts at these meetings. In other words if the directors were going to sit by and allow one man to run this corporation without doing their duty by it, it is a natural and easy thing for the stockholders who had confidence in the directors to ratify

their acts, the stockholders not knowing what was going on inside this corporation.

■ The essential facts to constitute estoppel are not plead. The matters upon which recovery is sought were not in the furtherance of the business of the corporation but were illegal and *ultra vires* acts. Ratification by stockholders of the corporation could not bar a suit by the Trustee in this cause where recovery will be for the benefit of the creditors of said bankrupt corporation.

In Fletcher, supra, sec. 998, at page 495, that author answers the defense here of plea in bar thus:

"And it is no defense where suit is brought by a receiver against directors for negligence, that the stockholders authorized or ratified the alleged wrongdoing, where the receiver represents the creditors of the corporation as well as the stockholders."

It is true that the author here is talking about receivers but for all practical purposes the principle involved is the same where he uses the word "receiver" as would be for a Trustee in Bankruptcy under an action of this kind.

■ The bill does allege that the Trustee has obtained judgments against two of the companies but it is also alleged that these judgments were obtained against these two companies are different suits between different parties and on different causes of action, and they are certainly no bar to the type of action here involved.

■ We have taken a great deal of interest in this well tried lawsuit, and after considerable thought and time we have concluded that where the bill is demurred to, as here, that the Chancellor was eminently correct in overruling the demurrer and denying the pleas in bar.

Of course, a demurrer in equity is not favored and it admits all well plead facts and reasonable inferences to be drawn therefrom. Our conclusion is, under the action as it now reaches us, that the directors of a corporation have to see to it that the corporation had the benefit of their best judgment and act solely and always with reasonable care in good faith to promote its welfare.

The decree of the Chancellor in all things is affirmed. The costs of the appeal will be adjudged against the appellants. The costs below will await the outcome there. The case will be remanded to the Chancery Court of Hamilton County for further proceedings consistent with this opinion.