358 F.2d 115
 TILLAMOOK CHEESE & DAIRY ASSOCIATION, Plaintiff-Appellant,
v.
TILLAMOOK COUNTY CREAMERY ASSOCIATION, H. S. Dixon, Gaylord P. Shively, John S. Craven, Jr., Otto Schild and Warren A. McMinimee, Defendants-Appellees.
 No. 20104.
 United States Court of Appeals Ninth Circuit.
 March 17, 1966.
 
 Ernest Bonyhadi, Bruce M. Hall, Hardy Myers, Jr., Bonyhadi & Hall, Kenneth S. Klarquist, Joseph B. Sparkman, Jr., Portland, Or., for appellant.
 J. Pierre Kolisch, Jon M. Dickinson, of Kolisch & Hartwell, Portland, Or., for appellee.
 Before POPE, HAMLEY and KOELSCH, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 In its second amended complaint in this civil antitrust suit, Tillamook Cheese & Dairy Association (TC & DA), an Oregon agricultural cooperative corporation, sought damages in the amount of $2,582,654.98, trebled to $7,747,964.94. and injunctive relief. Named as defendants were Tillamook County Creamery Association (TCCA), another Oregon agricultural cooperative corporation, H. S. Dixon, Gaylord P. Shively, John S. Craven, Jr., Otto Schild and Warren A. McMinimee.[1] Jurisdiction in the district court was asserted under sections 4 and 16 of the Clayton Act, 38 Stat. 731, 737 (1914), 15 U.S.C. §§ 15, 26 (1964).
 
 
 2
 Two claims were stated in this pleading. The first charged that defendants agreed, combined or conspired among themselves and with others, including Alpenrose Dairy, Inc., an Oregon corporation, to restrain interstate trade or commerce in the business of producing and marketing cheese and other dairy products, and to monopolize a certain part of that trade or commerce, in violation of sections 1 and 2 of the Sherman Act, 26 Stat. 209 (1890), as amended, 15 U.S.C. §§ 1 and 2 (1964). The second claim charged that defendants attempted, severally and jointly, to monopolize a certain part of such trade or commerce in violation of section 2 of the Sherman Act.
 
 
 3
 Defendants moved for summary judgment dismissing the second amended complaint. The district court granted the motion as to the first claim and denied it as to the second claim. Thereafter defendant McMinimee moved for summary judgment in his favor as to the second claim. This motion was granted. In both cases, the court made an express determination under Rule 54(b), Federal Rules of Civil Procedure, that there is no just reason for delay in entry of a final judgment, and in effect expressly directed to the entry of such judgment. TC & DA alone appeals.
 
 
 4
 With regard to the conspiracy charge set out in the first claim, defendants, in making their motion, relied primarily upon Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co., 370 U.S. 19, 82 S.Ct. 1130, 8 L.Ed.2d 305. The Court there held that interorganizational dealings among agricultural cooperative associations are immune from the conspiracy provisions of the antitrust laws, but reaffirmed previous rulings that such cooperatives are liable for conspiracies with outside groups (United States v. Borden Company, 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181), and for monopolization (Maryland & Virginia Milk Producers Ass'n v. United States, 362 U.S. 458, 80 S.Ct. 847, 4 L.Ed.2d 880). Defendants concluded from this that no conspiracy claim was stated against them unless Alpenrose Dairy, Inc. or McMinimee was an outsider which had participated in the conspiracy. They asserted that, under the undisputed facts established by the pleadings and pretrial proceedings, neither one is such an outside party, and that there has been no conspiracy.
 
 
 5
 Defendants conceded that Alpenrose Dairy, Inc., acting by and through Carl Cadonau, is distinct from and not a part of TCCA. They contended, however, that the fact is undisputed that Alpenrose Dairy, Inc. was nothing more than a mere customer of TCCA, and was not a participant in any conspiracy. The district court accepted this view. TC & DA argues that the court erred in this regard because there is a genuine issue as to the factual question of whether Alpenrose Dairy, Inc. was an actual participant in the conspiracy charged.
 
 
 6
 Summary judgment procedure is available in antitrust suits as in all other civil litigation.[2] The Supreme Court has warned, however, that summary judgment should be used sparingly in complex antitrust cases involving conspiracy, where motive and intent play leading roles. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458.
 
 
 7
 The question of whether Alpenrose Dairy, Inc., conspired with the defendants, as charged in the first claim of the second amended complaint necessarily involves the factors of motive and intent. Plaintiff presented several affidavits containing factual recitals concerning the role of Alpenrose Dairy, Inc. in the transactions in question. It appears to us that they are sufficient to present a genuine issue of fact as to whether Alpenrose Dairy, Inc. was a co-conspirator.[3] The fact that the allegations therein are countered in materials submitted by defendants is immaterial. We conclude that the district court erred in granting summary judgment for defendants on the first claim.[4]
 
 
 8
 With regard to the monopolization charge contained in the second claim, summary judgment was granted only as to defendant McMinimee. In support of this motion McMinimee argued that the facts were undisputed that his sole relationship to the other defendants was as attorney for TCCA, and that he acted only in that capacity in all of the transactions in question. The district court adopted this view.
 
 
 9
 Plaintiff argues that the court erred in so doing, calling attention to materials in the record which, in its opinion, raise a genuine issue as to whether McMinimee's role was solely that of legal adviser to TCCA. McMinimee, plaintiff asserts, was shown to have been, in part, an independent actor. Plaintiff indicates that by this it means that he actively participated in TCCA policy, and in the conduct of that cooperative directed against plaintiff.
 
 
 10
 The individuals through whom a corporation acts and who shape its intentions can be held liable on a charge of attempted monopolization. United States v. Lorain Journal Co., N.D.Ohio, 92 F. Supp. 794, 800 aff'd, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162; Bergjans Farm Dairy Co. v. Sanitary Milk Producers, E.D.Mo., 241 F.Supp. 476, 486; see also Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., W.D.Ky., 37 F. Supp. 728, 738.
 
 
 11
 We do not believe that this rule can be applied to the counsel for a corporation whose activity is brought into question, if the role of the counsel was only that of a legal adviser. This would be true even if, as counsel, he mistakenly advised corporate officers that a particular course of conduct would not violate section 2. But if he goes beyond that role and, acting by himself or jointly with others, makes policy decisions for the corporation, then he subjects himself to liability for attempted monopolization as in the case of any executive officer of the company performing a similar function.
 
 
 12
 We have examined the materials relied upon by plaintiff and defendants and conclude that genuine factual issues exist concerning the role played by McMinimee which, if resolved one way, would exculpate him from liability and, if decided the other way, might subject him to liability.
 
 
 13
 We therefore conclude that the district court erred in granting summary judgment for McMinimee on the second claim.
 
 
 14
 Reversed.
 
 
 
 Notes:
 
 
 [1]
 Dixon and Craven are officers of TCCA. Shively and Schild are officers of other agricultural cooperatives which are members of TCCA, and McMinimee is the general counsel of TCCA
 
 
 [2]
 See Bond Distributing Co. v. Carling Brewing Co., D.C.Md., 32 F.R.D. 409, aff'd 4 Cir., 325 F.2d 158; Fiumara v. Texaco, Inc., E.D.Pa., 204 F.Supp. 544, aff'd 3 Cir., 310 F.2d 737; Savon Gas Stations, etc. v. Shell Oil Co., D.C.Md., 203 F.Supp. 529, aff'd 4 Cir., 309 F.2d 306
 
 
 [3]
 Among the facts alleged which, taken together, appear to present such an issue are: (1) facts relating to the activity of Alpenrose with regard to a loan program designed to supply capital to Alpenrose, and in connection with which differences developed between TC & DA and TCCA; (2) facts relating to the activity of Alpenrose, acting through Carl Cadonau, working in conjunction with TCCA, in opposing a state-wide plan for milk pools, which plan was favored by TC & DA; (3) facts concerning the activity of Alpenrose, acting through Carl Cadonau, in endeavoring to have TC & DA settle its differences with TCCA; and (4) Cadonau's presence at several meetings and conferences with TCCA officials and minority board members of TC & DA, where matters affecting the interests of TC & DA were discussed and decisions were made
 
 
 [4]
 We do not reach appellant's additional argument that even if there were no capable outsiders engaged in the conspiracy TCCA is not exempt from liability under the antitrust laws in view of the allegations charging defendants with predatory commercial conduct assertedly inconsistent with the intention of Congress in affording cooperative activities the protection of section 6 of the Clayton Act, 38 Stat. 731 (1914), 15 U. S.C. § 17 (1964), and section 1 of the Capper-Volstead Act, 42 Stat. 388 (1922), 7 U.S.C. § 291 (1964), which provide the statutory basis for the exemption recognized in Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co., 370 U.S. 19, 82 S.Ct. 1130, 8 L.Ed.2d 305