UNITED STATES of America,
Plaintiff,

v.

MEMPHIS RETAIL PACKAGE STORES
ASSOCIATION, Inc., et al.,
Defendants.

Civ. A. No. C-71-183.

United States District Court,
W. D. Tennessee, W. D.

July 26, 1971.

Johnnie Johnson, Jr., Asst. U. S. Atty., Memphis, Tenn., for plaintiff.

W. J. Michael Cody, Burch, Porter & Johnson, Frank J. Glankler, Montedonico, Heiskell, Davis, Canale & Glankler, John P. Colton, Jr., Irwin, Owens & Colton, Memphis, Tenn., for defendants.

## MEMORANDUM ORDER GRANTING MOTION TO DISMISS

WELLFORD, District Judge.

This is an action by the United States of America seeking execution of a judgment entered against defendant Memphis Retail Package Stores Association, Inc., some fifteen (15) years ago. The facts as found upon oral hearing are as follows: On June 29, 1955, an indictment was filed in this Court under the Sherman Anti-Trust Act [15 U.S.C. § 1] against several corporations, associations, and individuals; Memphis Retail Package Stores Association, Inc., Memphis Wholesale Liquor Dealers Association, United Liquors Corporation, Memphis Wholesale Liquor Company, Inc., Bertram M. Bates, Elfo J. Grisanti, Charles A. Wilder, Mose Karnonsky, Joseph E. Kiersky, Hubert R. Lewis, Sidney Perlberg, Victor L. Robilio, King Klein, Frank J. Cianciola, Alex F. Barzizza and George B. Hart.

On June 30, 1955, the United States of America filed a civil action under the Sherman Act seeking an injunction against the above named defendants.

On January 30, 1956, several of the defendants in the criminal case entered pleas of nolo contendere. On the basis of this plea, Honorable Marion S. Boyd, the United States District Judge presiding, entered separate judgments of guilty against these defendants and as punishment ordered them to pay certain fines. Defendant Memphis Retail Package Stores Association, Inc., had entered a plea of guilty and was ordered to pay a fine in the amount of Five Thousand ($5,000.00) Dollars.

On June 15, 1956, in the civil action, the named defendants were enjoined from certain activities allegedly in violation of the Sherman Act and the Memphis Retail Package Stores Association, Inc., was ordered by the Court to dissolve within thirty (30) days. In compliance with the Court's order, the defendant corporation surrendered its charter to the Secretary of State of Tennessee. The corporation had no assets at the time, and did not pay the fine adjudged against it prior to the time it surrendered its charter. It must be presumed that Judge Boyd was aware of these facts and circumstances.

On May 11, 1971, the United States filed this action against defendant Memphis Retail Package Stores Association, Inc., and defendants Bates, Grisanti, Wilder, Karowsky, Kiersky, Lewis, Perlberg and Robilio as officers, employees and agents of defendant corporation, seeking to compel the payment of the 1956 criminal fine. The complainant contends that the defendant officers, agents, employees and members named above were all active participants in the alleged illegal activity of price-fixing and all should accordingly be liable for the payment of the fine levied against the defendant corporation. Each was individually involved in retail liquor businesses that were a part of the association except Lewis who was in the wholesale liquor business.

Upon its own motion, complainant United States sought a dismissal of this action as to defendants Sidney Perlberg, Mose Karnowsky, and Joseph Kiersky because of their ensuing deaths. As to these defendants, then, this cause has been dismissed.

Defendant Hubert R. Lewis moved the Court to dismiss this action as to him due to the fact that he was never engaged in the retail liquor business and was never a member, director, or officer of defendant corporation. This action was likewise dismissed as to defendant Lewis by order dated June 22, 1971.

Defendants, Bertram M. Bates and Charles A. Wilder, joined as President and Secretary respectively of defendant corporation, now move this Court to dismiss the complaint for failure to state a claim on which relief can be granted on the grounds that the action is barred by the five (5) year statute of limitations found in 28 U.S.C. § 2462. Furthermore, Bates contends that separate judgments were rendered against him and defendant corporation, and since he has

paid his personal fine, he cannot now be compelled to pay the fine assessed against defendant corporation which existed as a separate legal entity; that as an officer, he discharged his duties in good faith and with that degree of diligence and care which ordinarily prudent men would exercise under similar circumstances and is not personally liable for the separate judgment against the corporation; and, finally, that the claim is barred by laches.

I. Statute of Limitations and Laches

A dispute has arisen over what statute involving collection of fines and penalties actually applies in this case.

18 U.S.C. § 3565 provides in pertinent part as follows:

"In all criminal cases in which judgment or sentence is rendered, imposing the payment of a fine or penalty, whether alone or with any other kind of punishment, such judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases. . . ."

The government contends that this statute provides the exclusive procedure to be followed in regard to the execution of fines imposed in criminal cases. United States v. Baird, 241 F.2d 170 (2nd Cir., 1957).

On the other hand, defendants contend that the action brought by the government is for the enforcement of a penalty and is therefore controlled by 28 U.S.C. § 2462, which provides in part as follows:

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture . . shall not be entertained unless commenced within five years from the date when the claim first accrued . . . ."

This particular problem appears to have been the subject of very little judicial comment. The word "penalty" as used in 28 U.S.C. § 2462 has been defined "in the sense of an extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged as distinguished from compensation for the loss suffered by the injured person". American Fidelity and Casualty Co. v. G. A. Nichols Co., 173 F.2d 830 (10th Cir., 1949); United States v. Witherspoon, 211 F.2d 858 (6th Cir., 1954).

■ After consideration of the statutory language and the tenor of the decisions interpreting both statutory provisions, the Court is of the opinion that 28 U.S.C. § 2462 is applicable only in those actions which involve civil fines and penalties as opposed to criminal fines. The defendants contend that the prefix word "civil" applies only to the word "fine" in the statute above and that the 1956 fine was in the nature of a penalty to punish an offense against the public justice.

■ The 1956 judgment was imposed as a fine and as the result of a criminal proceeding under 15 U.S.C. § 1. Since it was a criminal fine, we find that 28 U.S.C. § 2462 dealing with civil fines is not applicable to this case. This view is consistent with an old decision interpreting an old provision now incorporated in 28 U.S.C. § 2462 to the effect that the five (5) year limitation did not apply to indictments for crimes which could be punished by imprisonment. United States v. Brown, 24 Fed.Cases No. 14,-665 (D.C.Mass., 1873). A criminal action under 15 U.S.C. § 1 embodies a similar such indictment, thus, the five year period of 28 U.S.C. § 2462 is not applicable herein.

■ Consideration should also be given to the possible application of a state statute of limitations or the doctrine of laches. It has been repeatedly held that without a clear manifestation of congressional intent, the United States is *not* bound by state statutes of limitations or subject to defense of laches in enforcing its rights. Cassidy Commission Co. v. United States, 387 F.2d 875 (10th Cir., 1967); United States v.

Gera, 409 F.2d 117 (3rd Cir., 1969) [citing Bd. of County Commissioners of County of Jackson, Kansas v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L. Ed. 313 (1939) and United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940)]; Nabors v. N. L. R. B., 323 F.2d 686 (5th Cir., 1963) cert. denied, 376 U.S. 911, 84 S.Ct. 666, 11 L. Ed.2d 609; United States v. Parker House Sausage Co., 344 F.2d 787 (6th Cir., 1965); Federal Maritime Commission v. Caragher, 364 F.2d 709 (2nd Cir., 1966). Neither is the United States bound on usual rules of laches applicable to ordinary parties. Federal Maritime Commission v. Caragher, *supra*; United States v. 93 Court Corp., 350 F.2d 386 (2nd Cir., 1965) cert. denied, 382 U.S. 984, 86 S.Ct. 560, 15 L. Ed.2d 473 (1966). It follows that, since we have been cited to no federal statute that bars this action, and have found none, this action is not barred by a statute of limitations or laches.

II. Liability of the Officers, Agents and Employees for Payment of the Fine Assessed Against the Corporation

The government contends that since the defendants joined in the formation of an illegal corporation, each defendant participating therein is liable for the entire debt owed by the corporation. It is clear that Judge Boyd levied separate fines against the defendants individually and against the corporation. A basic question is whether Judge Boyd intended that the individual defendants were also to be liable for the fine assessed against the corporation.

The situation in McGrew v. City Produce Exchange, 85 Tenn. 572, 4 S.W. 38 (1886) relied upon by the government is distinguishable from the instant case. In *McGrew* there was no valid, existing corporation formed, and therefore there was no separate, distinct entity. The Court found that the purpose of the corporation was itself illegal and was but a mere cloak used to cover their illegal acts. A similar situation was present in

Woodward v. Beasley, 2 Tenn.Ch.App. 339 (1902), wherein the directors and officers of a corporation were held personally liable for issuing notes of the corporation before any capital stock had been subscribed. The corporation was not validly organized and existing. In such a case the individuals forming such a corporation would be liable jointly and severally as either joint-venturers or partners.

In this case there was a valid, existing corporation chartered for a legal purpose. In such a case the corporation has a separate and distinct existence apart from its stockholders and officers. McMillan Welding and Mach. Works v. General Towing Co., 247 F. Supp. 402 (D.C.La., 1965); *See also* Adzigian v. Harron, 297 F.Supp. 1317 (D.C.Pa., 1969).

Officers, agents and employees of a corporation are required to exercise good faith in discharging the duties of their office. State ex rel. Lowell Wiper Supply Co. v. Helen Shop, Inc., 211 Tenn. 107, 362 S.W.2d 787 (1962); Dale v. Thomas H. Temple Co., 186 Tenn. 69, 208 S.W.2d 344 (1948). To be sure "[c]orporate officers, directors and agents are personally liable for acts of the corporation that violate the antitrust laws if they participate in those actions or authorize them". Bergjans Farm Dairy Co. v. Sanitary Milk Producers, 241 F.Supp. 476 (D.C.Mo., 1965) quoting Hartford-Empire Co. v. United States, 323 U.S. 386, 65 S.Ct. 373, 89 L. Ed. 322 (1945); See also Tillamook Cheese & Dairy Assoc. v. Tillamook Cty. Creamery, 358 F.2d 115 (9th Cir., 1966).

The essence of the 1956 judgment imposed personal liability on the individual defendants as well as upon their corporation. Furthermore, it has been repeatedly held that "a corporation cannot conspire with its officers or agents to violate the antitrust laws". Seagram & Sons, Inc. v. Hawaiian Oke & Liquors, Ltd., 416 F.2d 71 (9th Cir., 1969), quoting Chapman v. Rudd Paint & Varnish Co., 409 F.2d 635 (9th Cir., 1969). See

also Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911 (5th Cir., 1952); Goldlawr, Inc. v. Shubert, 276 F.2d 614 (3rd Cir., 1960).

In the case of Shoenberg Farms, Inc. v. Denver Milk Producers, Inc., 231 F. Supp. 266 (D.Colo., 1964), the Court recognized the fact that a corporation cannot conspire with its own officers and agents to violate the Sherman Act, and also intimated that an officer or agent could be individually liable under appropriate circumstances. The Court then stated, however, at p. 270:

> "[N]othing in [Lorain Journal Co. v. United States, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162 (1951)] suggests that a corporate officer can be regarded as a conspirator with his fellow officers and his own corporation in violation of the [Sherman Act] when he merely acts in his capacity as an officer to establish the policy and advance the interests of the corporation—and this is so even when the policy of the corporation is to monopolize."

See also Marion County Co-op Assoc. v. Carnation Co., 114 F.Supp. 58, 63 (W.D.Ark., 1953).

We feel that this reasoning is applicable to the instant case. Regardless of the fact that the policy of the defendant corporation was to monopolize, the individual defendants have discharged their duties in good faith and with that degree of care which ordinarily prudent men would exercise under similar circumstances. T.C.A. 48–813; Neese v. Brown, 218 Tenn. 686, 405 S.W.2d 577 (1964). They should not, therefore, be personally liable for the debt of the defendant corporation in addition to the personal fine imposed upon them in the previous proceeding.

Furthermore, it is our feeling that this holding is commensurate with the intent of Judge Boyd in assessing the 1956 fines. Separate fines were imposed upon the corporation and officers, agents and employees; he intended to punish the corporate entity and the responsible individuals themselves personally. There were no assets in the corporation at the time it was dissolved; the individual defendants should not now be held liable for contributions to pay the corporate debt. The government's inactivity over 15 years in this regard indicates no serious effort to the contrary.

Accordingly, the defendants' motion to dismiss is hereby granted.