FOUNDERS LIFE CORPORATION, Plaintiff-Petitioner,

v.

James W. HAMPTON, Defendant-Respondent.

Supreme Court of Tennessee.

April 28, 1980.

Mitchell Crawford, Nashville, for plaintiff-petitioner.

Respondent did not appear either in person or by counsel.

## OPINION

BROCK, Chief Justice.

The plaintiff corporation has appealed from the judgment of the Court of Appeals affirming the decree of the Chancellor dismissing the plaintiff's complaint against James W. Hampton, defendant-respondent.

The plaintiff corporation brought this action against its former president, defendant James W. Hampton, to recover the sum of $42,000.00 and interest representing the amount of a loan which defendant Hampton made to Roy A. Blansett from the funds of the plaintiff corporation. It was alleged that in making this loan, which was unsecured and not represented by a promissory note or other evidence of indebtedness, the defendant Hampton violated his fiduciary duties to the plaintiff corporation. At the trial the Chancellor dismissed the complaint upon motion of the defendant at the conclusion of the plaintiff's proof, holding that plaintiff had failed to make out a *prima facie* case. Upon appeal to the Court of Appeals, that court affirmed the decree of the Chancellor.

The plaintiff corporation was a small investment company of which the defendant Hampton was the president and a major stockholder and director. On July 15, 1975, the plaintiff corporation made a 90-day loan to Roy A. Blansett for the sum of $42,000.00 and accepted his promissory note in that amount which bore interest at the rate of 10% per annum and was secured by a second lien deed of trust on certain real property located in Coffee County, Tennessee. This loan was made by issuance of a check upon the bank account of the plaintiff corporation which was signed by the defendant Hampton and was paid to Blansett on July 18, 1975. The deed of trust which was given to secure this loan was accompanied by an opinion letter from Blansett's attorney certifying title to the property that was the subject of the deed of trust.

On September 7, 1975, another $42,000.00 loan was made by plaintiff corporation to Blansett by means of a check on the plaintiff's bank account signed by the defendant Hampton but this loan was not evidenced by a promissory note and was not secured in any way. As of September 7, 1975, then, the plaintiff corporation, acting through Hampton, its president, had loaned $84,000.00 of its funds to Blansett for only half of which the corporation had obtained any security.

On September 25, 1975, defendant Hampton acknowledged satisfaction of the first loan made on July 15, 1975, and released the deed of trust which the corporation held as security for that loan. On September 30, 1975, the sum of $42,827.86 representing the full amount of the first loan with interest

was received by the corporation from Blansett. This left Blansett owing the second loan of $42,000.00 to the corporation, the corporation having no promissory note nor any security therefor.

Shortly after September 30, 1975, Mr. William J. Young, who was already a stockholder and director of the plaintiff corporation, purchased the capital stock owned by Hampton in the company thereby rendering Young the sole stockholder and president of the company. Young set out to collect the second loan of $42,000.00 from Blansett and, upon learning that the second loan had been made from the corporation's funds by defendant Hampton as president of the company without obtaining a promissory note or any security for the loan, brought this action against both Hampton, the former president, and Blansett, the borrower and debtor. At the conclusion of plaintiff's proof, the Chancellor sustained the motion of Hampton for dismissal but denied a similar motion made by Blansett and rendered judgment against Blansett for the $42,-000.00 and interest owed. Upon appeal the Court of Appeals affirmed the judgment of the Chancellor and plaintiff corporation sought certiorari review in this Court which we granted.

The issue thus presented is whether the evidence submitted to the Chancellor made out a *prima facie* case of liability against defendant Hampton as president of the corporation.

The duty owed by the defendant Hampton as the president and a director of the plaintiff corporation is set out in T.C.A., § 48–813, as follows:

"Directors and officers shall discharge the duties of their respective positions in good faith and with that degree of diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions."

Prior to the enactment of this statute, the common law of this State, as shown by the decision of this Court in *Neese v. Brown*, 218 Tenn. 686, 405 S.W.2d 577 (1964), subjected corporate officers to a similar obligation. *See also, Wallace v. Lincoln Sav. Bank*, 89 Tenn. 630, 15 S.W. 448 (1891); *Branner v. Branner*, 1 Lea 101 (Tenn.1878).

We turn then to investigate the evidence offered to the Chancellor to determine whether it shows that defendant Hampton as president and a director of the plaintiff corporation exercised "that degree of diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions." The only testimony in the record is that of William J. Young, the current president of the plaintiff corporation, along with certain exhibits which were identified by him and introduced into the record.

The record reveals that the plaintiff corporation at the time of the transactions here involved existed solely for the purpose of investing funds for profit. On March 27, 1975, the plaintiff's board of directors met and the record shows the following entry from the minutes:

"There followed a discussion of appointing an investment committee. Mr. Howard F. Butler was appointed to head said committee. It was stated that no member of the board or committee would be in a position to borrow money."

Respecting this minute entry, the witness Young testified that it was his understanding that "there were not supposed to be any loans made without the knowledge of the committee or board." He further testified that the minute book did not show that any authorization of this loan was made. Mr. Young was a director and the treasurer of the plaintiff corporation and one of the five holders of its class A stock. In our opinion, this lends credence to his "understanding" that the loan committee was formed and that it had to approve all loans and that the loan committee never acted on this transaction.

Suspicious circumstances surround the Blansett transactions. Defendant Hampton actually made two loans, one of which was

unsecured, and then accepted payment of the first only and released the deed of trust which secured it, thereby leaving the second loan of $42,000.00 outstanding and unsecured.

■ We are of the opinion that despite the paucity of the plaintiff's proof it was adequate to withstand a motion to dismiss at the conclusion of plaintiff's evidence. In short, we hold that a *prima facie* case of liability on the part of Hampton was shown. The fact that defendant Hampton in making the first loan required the borrower to execute a promissory note bearing interest at 10% per annum and security for its payment in the form of a second deed of trust on real estate contrasts markedly with his handling of the second loan for the same amount of money in which he failed to require execution of a promissory note or any security for repayment of the loan. We hold, as a matter of law, that, nothing else appearing, an ordinarily prudent president of an investment company would not disburse $42,000.00 of his company's funds without any evidence of the indebtedness and without any security. Long ago, in *Branner v. Branner, supra*, this Court in a similar case held a corporate officer liable for the amount of a loan of his corporation's property gratuitously made to a relative. *See also, Meltzer v. Atlantic Research Corporation*, 330 F.2d 946 (4th Cir. 1964); *Bartle v. Markson*, 299 F.Supp. 958 (D.C.N.Y. 1969); 19 C.J.S. *Corporations* § 771 (1940).

The only explanation for Hampton's actions in this case are found in his answer to the complaint filed in Chancery Court in which he alleged that he made the second loan with the understanding that Blansett and his attorney would furnish a note and security at a later date, but that they failed to do so. Of this explanation, the Chancellor observed that this was "sort of a carefree way to run a battleship."

We conclude that the Chancellor and the Court of Appeals have erred in sustaining the motion of defendant Hampton for dismissal at the conclusion of the plaintiff's proof. Accordingly, the decrees of the Chancellor and the Court of Appeals are reversed and this cause is remanded to the Chancery Court for further proceedings consistent with this opinion. Costs incurred upon appeal are taxed against the defendant-appellee, Hampton.

FONES, COOPER, HENRY and HARBISON, JJ., concur.