ALI BEN ALI, Respondent, *v.* MOORE-MCCORMACK LINES, INC., Appellant.

First Department, October 4, 1955.

*Joseph K. Inness* for appellant.

*Harvey Goldstein* of counsel (*Jacob Rassner,* attorney), for respondent.

*Per Curiam.* This is an appeal from an order of Special Term denying a motion for judgment dismissing the complaint in an action under the Jones Act (U. S. Code, tit. 46, § 688) instituted in the New York Supreme Court, based on alleged injuries sustained by plaintiff (a seaman) between March 17th and April 30, 1948, by reason of the negligence of defendant in failing to furnish heat in plaintiff's quarters on board defendant's vessel S. S. *Edward W. Burton* when the outside temperature required it.

In January, 1949, plaintiff brought suit in the United States District Court for the Southern District of New York. The action came to trial November 12, 1952, and was dismissed on the merits on that day, although plaintiff did not appear. Formal decree, dismissing the action on the merits, was entered December 12, 1952. On December 29, 1952, an appeal was taken to the United States Court of Appeals for the Second Circuit from the dismissal on the merits. While this appeal was pending and by notice of motion dated May 18, 1953, plaintiff moved in the District Court for an order vacating the final judgment entered on December 12, 1952. Plaintiff appeared and was questioned by the court. On July 7, 1953, an order was entered denying his motion to vacate the judgment on the merits. The appeal referred to above was not perfected and was dismissed. Motion was made subsequently, to vacate the dismissal of the appeal but on November 2, 1953, an order was entered denying that motion. Action was then instituted in Supreme Court, New York County.

The complaint sets forth a cause of action under the Jones Act, which provides for a three-year Statute of Limitations. This limitation constitutes a condition precedent to the maintenance of any action thereunder (*Hill* v. *Supervisors,* 119 N. Y. 344, 347). Obviously, the action was not brought within that time.

Plaintiff relies on section 23 of the Civil Practice Act. An action under the Jones Act is not saved by the State statute (*Norton* v. *Erie R. R. Co.,* 167 N. Y. S. 177).

Special Term was unwarranted in making an independent determination that the Federal court action was not dismissed on the merits. The decree of the Federal court is controlling. The State court may not sit as an appellate court reviewing the action of the Federal court, and deny the judgment validity, particularly in the face of a subsequent denial by the District Court of a motion to vacate the judgment of dismissal on the merits. While plaintiff is of the view that he should be afforded his day in court, his proper procedure was to appeal from the District Court determination. In fact, he did so appeal but because of his own neglect, the United States Court of Appeals dismissed the appeal and later refused to vacate such dismissal. Plaintiff was thus afforded his day in court. The fact that he did not see fit to perfect his appeal should not redound to his benefit and enable him to have another day in another court.

The order should be reversed, the motion granted and judgment should be entered dismissing the complaint.

Peck, P. J., Cohn, Breitel, Bastow and Cox, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant, and the motion granted, and judgment is directed to be entered in favor of appellant dismissing the complaint herein, with costs.