Matthew M. Levy, J.
The action is to recover damages for pain and suffering and death said to have resulted from negligence on the part of the defendants. The decedent sustained his injuries on January 4, 1953 and died as a result thereof on August 6, 1953. The suit was instituted as against the defendant National Shipping and Trading Company, Inc,, on May 26, 1959. This defendant now moves, pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, to dismiss the complaint upon the ground that the Statute of Limitations has run against the cause of action sued upon.
The action having been brought more than six years after the accident and nearly six years after demise, it is obvious that the Statute of Limitations is a bar as to each aspect of the plaintiff’s cause — 'personal injury and death (Civ. Prac. Act, § 48, subd. 3; Decedent Estate Law, § 130). The action is time-barred, that is, unless the plaintiff has merit in her contention that — because of certain proceedings of a related suit in the United States District Court for the Southern District of New York — it is saved by the impact of section 23 of the Civil Practice Act.
That statute, in its applicable portions, provides that ‘ ‘ If an action is commenced within the time limited therefor * * * and * " * the action is terminated in any other manner than by a * * * dismissal of the complaint for neglect to prosecute the action * * * the plaintiff * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such a * * * termination. ’ ’
It has been indicated that actions in the Federal courts in New York State come within the saving provisions of section 23 of the Civil Practice Act (Baker v. Commercial Travelers Mut. Acc. Assn., 3 A D 2d 265, 266). It appears that, on October 27, 1955, the plaintiff had commenced an action for the same cause against the same defendant in the United States District Court. That action was dismissed on May 27, 1958. The order of dismissal reads, in its decretal portion, that it is “ Ordered, that the above entitled action be and the same hereby is dismissed without costs ”.
It goes without saying, of course, that the order of the Federal court is controlling as to the reason for the dismissal (Ali Ben Ali v. Moore-McCormack Lines, 286 App. Div. 462). But the *171 effective provisions thereof are not to be read in a vacuum. Since the affidavits of the parties submitted to me on this motion failed to reveal sufficient data as to the proceedings taken in the earlier action, I called for and obtained true copies of the official files therein. The records disclose that on February 3, 1958, a so-called ‘1 60-day order ’ ’ was entered, on the Review Calendar Call, in effect warning the plaintiff that unless she filed a note of issue for trial, or took other action to obtain a determination of the action, within that period, the suit 1‘ may be dismissed without further notice, for want of prosecution, without costs ”. The order of dismissal, dated May 27, 1958, recited, in substance, the provisions of the prior order, and then stated 11 that a note of issue has not been filed or any other action taken to obtain a determination of the action, and that more than 60 days have elapsed since the entry of the said order ”, and then it was that the court decreed therein 1 ‘ that the above entitled action be and the same hereby is dismissed without costs ”.
I hold that the two orders (taken together) make it plain that the suit was dismissed for “want of' prosecution ” — even though the final order did not, in its decretal portion, so state in so many words. And, of course, the phrase “ want of prosecution ” means no more and no less than “ neglect to prosecute ” — the language of section 23 of the Civil Practice Act. This clearly brings the dismissal within the nonprotective clauses of section 23 and bars the plaintiff from its benefits.
Accordingly, the motion to dismiss is granted and judgment is directed dismissing the complaint. Order signed.