**WEYERHAEUSER COMPANY, Plaintiff-Appellee,**

v.

**Richard GERSHMAN and Harry Gershman, Defendants-Appellants.**

**No. 102, Docket 28225.**

United States Court of Appeals Second Circuit.

Argued Oct. 16, 1963.

Decided Nov. 6, 1963.

William Warner of Symmers, Fish & Warner, New York City, for plaintiff-appellee.

David Haar of Kleiger & Kleiger, New York City, for defendants-appellants.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

HAYS, Circuit Judge.

This is an appeal by defendants, Richard and Harry Gershman, from a summary judgment awarding plaintiff, Weyerhaeuser Company, $136,007.97 plus interest, the amount of certain notes of the Richard Lumber Corporation that defendants, officers and stockholders of the corporation, had guaranteed.

Between December, 1961, and April 27, 1962, the Weyerhaeuser Company sold to the Richard Lumber Corporation lumber priced at $136,007.97. In May, 1962, at the request of Weyerhaeuser, the defendants signed guaranties of "any notes, bills or accounts due or to become due to said Weyerhaeuser Company for merchandise heretofore or hereafter at anytime sold or delivered by it" to Richard Lumber Corporation. At the end of August, 1962, Richard Lumber Corporation executed two notes in favor of Weyerhaeuser for $136,007.97. When the corporation defaulted on the notes, Weyerhaeuser proceeded against the Gershmans on their guaranties.

■ In their answer defendants alleged three affirmative defenses: (1) that the guaranties were given without consideration, (2) that Weyerhaeuser's agent agreed when the notes were executed that Weyerhaeuser would not bring suit to enforce the notes, and (3) that another action was pending between Weyerhaeuser and defendants on the same cause of action. In opposition to plaintiff's motion for summary judgment, defendants contended that the issues thus raised by their answer were triable issues of fact, and that therefore summary judgment was improper. After reviewing the pleadings, affidavits submitted by both sides, the notes and the guaranty, and depositions taken in the other action,[1] the court concluded that there were no genuine issues of fact requiring trial. We affirm that determination.

■ Defendants' contention that there is a disputed issue of fact concerning whether consideration was given for the guaranties is supported only by formal allegations in their pleadings.[2] These allegations are insufficient to prevent entry of summary judgment. Moreover, the notes here in issue consolidated prior notes and extended their due date, as Harry Gershman testified in a deposi-

---

1. The use of these depositions was proper under Rule 56(c), and under Rule 26(d)(4), which provides that "when an action in any court of the United States or of any state has been dismissed and another action involving the same subject matter is afterward brought between the same parties * * * all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor." Under Rule 26(d)(4) dismissal of the prior action is not required. Batelli v. Kagan & Gaines Co., 236 F.2d 167, 169 (9th Cir. 1956).

2. Subsequent to the entry of the summary judgment below, the following two sentences were added to Rule 56(e):

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
The Advisory Committee on Rules explained that the amendment was in keeping with the original purpose of Rule 56 but was necessary to overcome the restrictive interpretation accorded Rule 56 in the Third Circuit. See United States Code Annotated, July, 1963 pamphlet, p. 512.

tion taken for the other action. This extension of credit constituted consideration for the guaranties.[3]

■■ Defendants asserted in their answer and in an affidavit filed in opposition to the motion for summary judgment that Weyerhaeuser's credit manager, Gallo, assured them at the time of the execution of the notes that Weyerhaeuser would not present the notes for payment at maturity nor bring any action on them. In his deposition, however, Harry Gershman stated that when he indicated his doubts that Richard Lumber Corporation would be able to make payment on the due date, Mr. Gallo replied: "Let's not worry about that. I want to consolidate the whole account to show your indebtedness, and when we arrive, when we get to December 28th, we will see what we can do." This detailed description of the statements upon which defendants rely refutes their conclusionary allegations of an agreement not to sue. Moreover, the alleged agreement was contemporaneous with the execution of the notes and is inconsistent with the definite due date on the notes. Proof of such an agreement is excluded by the parol evidence rule. Oleet v. Pennsylvania Exchange Bank, 285 App.Div. 411, 137 N.Y.S.2d 779, 782 (1st Dep't 1955); Camardella v. Eastern Parkway Roller Skating Rink, Inc., 271 App.Div. 985, 68 N.Y.S.2d 82 (2d Dep't 1947).

■ The defense that another action is pending on the same cause of action is equally without merit. The prior action was also on the Gershmans' guaranties but was based on different notes. Defendants acknowledged the difference in the claims involved in the two suits by defending the first on the ground that the notes sued upon there had been superseded by other notes, the notes sued on here.

Affirmed.

3. Past consideration consisting of Weyerhaeuser's prior extension of credit to Richard Lumber Corporation is sufficient under New York law where the guaranty is in writing and states the consideration. N. Y. Personal Property Law, McKinney's Consol.Laws c. 41, § 33(3).