A. Franklin Mahoney, J.
Defendant moves to dismiss the complaint on the ground that the cause of action is time-barred. The defense of the Statute of Limitations (CPLR 213) was affirmatively pleaded in the answer. The complaint states a cause of action in contract.
The motion must be granted.
The plaintiff is not seeking to recover the value of the goods sold and delivered to the defendant between April 1, 1960 and *1092 July 7, 1961 on the contract created at that time. Bather, it seeks judgment on the contract allegedly established by a writing from the defendant to the plaintiff, dated November 9, 1964, in which the defendant refers to the debt and proposes a method of payment. The issue is whether the November 9 writing satisfies the requirements of section 5-1105 of the General Obligations Law. The section states: “A promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed.”
The letter of November 9, 1964, in pertinent part, says: “ I feel very badly that I have neglected this bill but my intentions were to straighten it up when I received some money from the people that took over the factory. As I am sure you know by now, I never received anything. I have had some financial problems since I have been down here but will make every effort to clear this up in the forthcoming year. I will send a payment in the end of January and try to send a monthly payment after that until I clear up the balance.”
Does the writing satisfy the requirements of section 5-1105 of the General Obligations Law? The consideration is past and executed. It is satisfactorily proved that the consideration was performed on the part of the plaintiff and would be a valid consideration but for the time when it was given or performed. The question is whether the November 9 writing “ expresses ” the consideration. Literally, the verb “ express ” means exact, precise; to state directly and distinctly. Clearly, the reference in the November 9 letter to the consideration does not satisfy these rigid requirements. The verbiage, “I will send a payment in the end of January and try to send a monthly payment after that until I clear it up ”, is vague, inexact and totally without meaning or comprehension unless resort is had to evidence extrinsic to the instrument in question. Further, the language used by defendant could refer to any debt or obligation that might exist between the parties. Even if the verb ‘‘ express ’ ’ should be loosely considered a synonym of “ describe ”, the writing is wanting in detail sufficient to even create an image of the consideration *. There is no reference to a dollar amount or to the nature or character of the product or service for which plaintiff seeks payment.
*1093 The law favors Statutes of Limitation for their salutary effect in establishing and standardizing reasonable time limits within which prospective litigants must commence their actions. Such statutes bring a desired degree of certitude to the body of the law, and departures from their requirements should be permitted only when there is positive compliance with statutory exceptions. 'Section 5-1105 of the General Obligations Law is such an authorized departure but, for the reasons given above, the writing of November 9,1964 does not meet its requirements.
The motion to dismiss the complaint pursuant to paragraph 5 of subdivision (a) of CPLB 3211 is granted.

 (See Commentary by Professor Semerad, McKinney’s Cons. Laws of N. Y., Book 23A, General Obligations Law, p. 475.)