**IRVING TRUST COMPANY, Plaintiff,**

v.

**Earle H. SMITH, Defendant.**

No. 72 Civ. 2200.

United States District Court,
S. D. New York.

Oct. 12, 1972.

Krause, Hirsch & Gross, New York City, for plaintiff.

Earle H. Smith, pro se.

GURFEIN, District Judge.

The plaintiff bank moves for summary judgment under Fed.R.Civ.P. 56. This is an action to recover on four promissory notes executed and delivered to the plaintiff by the defendant in an aggregate amount of $42,000 on which the defendant has paid $3,860 on account, for which he is given credit. The defendant was served in Massachusetts under the New York long arm statute, CPLR § 302. The bank, in its complaint, originally asked for judgment in the amount of $38,140, with interest thereon at 10% per annum from June 15, 1971, together with 15% thereof as legal fees. In its motion for summary judgment, however, it reduces its present demand for judgment to $38,140, the principal sum due and requests a severance of the action both as to the interest and legal fees sought by the plaintiff and as to the counterclaim of the defendant for the return of $3,860 already paid by him.

The plaintiff is a citizen of New York, having its principal place of business in New York and is a banking corporation. The defendant is a citizen and resident of Massachusetts. Jurisdiction is based on diversity of citizenship and the amount in controversy in excess of $10,000.

The defendant executed and delivered to the plaintiff the following notes in the amounts and on the dates set forth: (a) $18,000 dated August 17, 1966; (b) $16,000 dated October 20, 1967; (c) $4,000 dated November 22, 1967; and (d) $4,000 dated May 16, 1968.

The notes dated November 22, 1967 and May 16, 1968 were delivered to the plaintiff by the defendant in New York City. The notes dated August 17, 1966 and October 20, 1967 were executed and delivered in Massachusetts. All are notes payable upon demand and each note is a collateral note, the security being shares of stock with a cross-collateralization provision in each.

The transaction which resulted in the note dated August 17, 1966 originally occurred on December 21, 1964 when the defendant purchased certain shares of stock of the Marblehead Trust Company through the plaintiff in New York City. The note of August 17, 1966 is a renewal note, renewing the original $18,000 note on which no payments were ever made.

The transaction which resulted in the note dated October 20, 1967 involved a loan of $16,000 to the defendant for the purchase of 800 shares of the Irish International Bank, Ltd. effected through the plaintiff bank in New York. The notes dated November 22, 1967 and May 16, 1968 were also to evidence loans made to the defendant to purchase addi-

tional shares in the Irish International Bank.

All the above are facts not in dispute.

In opposition to the motion for summary judgment the defendant contends: (1) that the Court lacks personal jurisdiction over him; (2) that proper venue, presumably exclusively, is in the Federal District Court for Massachusetts; (3) that the amount in controversy does not exceed $10,000; (4) that the notes dated August 17, 1966 and October 20, 1967 arose out of agreements entered into in Massachusetts; (5) that two notes dated November 22, 1967 and May 16, 1966 are each for sums less than $5,000; (6) that plaintiff did not charge agreed rates of interest but charged higher, usurious rates of interest; and (7) that the defendant does not owe the sum claimed by the plaintiff.

I shall deal with the contentions seriatim. These contentions each involve only questions of law.

■ (1) The argument that the Court lacks jurisdiction in personam under the New York long arm statute is divided into two parts. First, the defendant alleges the 1964 loan took place in Marblehead, Massachusetts. Second, he asserts that, for jurisdictional purposes, only the place of execution of the *renewal* note is relevant. Neither contention is correct. The loan was made by a New York bank which acted as the defendant's agent for the purchase of stock in New York. The promissory note was sent to the plaintiff in New York and the collateral to secure the loan was lodged here. These are purposeful contacts with New York. Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 209 N.E.2d 68 (Fuld, J.), cert. denied, Estwing Mfg. Co. v. Singer, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965). Second, where the original transaction would support New York jurisdiction, the circumstance that the re-

newal note was executed outside the State is irrelevant for jurisdictional purposes. Lewis & Eugenia Van Wezel Foundation, Inc. v. Guerdon Industries, Inc., 450 F.2d 1264 (2 Cir. 1971).

■ (2) Venue is proper in this diversity action since the plaintiff resides here. 28 U.S.C. § 1391(a).

(3) It is frivolous to contend that the amount in controversy is less than $10,000.*

(4) Contentions (4), (5) and (6) may be treated together. Basically, the defendant contends that the promissory notes are void for usury.

■ In New York a bank is exempted from the usury statute on demand loans in excess of $5,000 secured by documents of title or negotiable instruments including stock certificates pledged as collateral security for repayment. On such loans, a bank "may receive or contract to receive and collect as compensation for making such advances any sum which may be agreed upon by the parties to such transaction." N.Y. Banking Law § 108(3) (McKinney's Consol.Laws, c. 2, 1971); N.Y. General Obligations Law § 5–523 (McKinney's Consol.Laws, c. 24–A, 1971). The bank, from January 27, 1970 to June 9, 1971, charged the defendant with interest at the rate of 10%. It was lawful for it to do so. The defendant was informed by letter that the interest charge was 10% for the period and he paid it. His payment with notice of the rate constituted an agreement of the parties within the meaning of the Banking Law. It does not matter whether the agreements were made in Massachusetts. Even if the agreement was made outside the State of New York that would not infect the loan as usurious. There is no statutory restriction that it be a New York agreement to pay interest. It need only be the type of loan exempted by statute from the taint of usury. In any event, the payment of interest in New York makes it a New York agreement.

---

* In his answer the defendant also claims a lack of diversity of citizenship because the plaintiff "has been doing business" in Massachusetts, an irrelevant allegation.

The argument that the November 22, 1967 loan and the May 16, 1968 loan were each less than $5,000 is specious, for they were cross-collateralized and became part of an aggregate loan which exceeded $5,000. Nor are the vague suggestions that the plaintiff had a motive in lending the defendant money to buy these particular bank stocks admissible under the parol evidence rule. Leumi-Financial Corporation v. Richter, 17 N.Y.2d 166, 173, 269 N.Y.S.2d 409, 216 N.E.2d 579 (1966).

The statement (7) that the defendant does not owe the sum claimed by the plaintiff is a negative pregnant. Treating it as a complete denial, however, it is a mere unsupported conclusion insufficient to defeat summary judgment.

Since there is no triable issue of fact and jurisdiction is apparent, the Court will grant summary judgment on behalf of the plaintiff and sign an order of severance as described above.

Settle judgment and order of severance on notice.