MARGARET A. WILKINS, as Administratrix of the Estate of WILLIAM L. WILKINS, Deceased, Appellant, *v.* AMERICAN EXPORT ISBRANDTSEN LINES, INC., Respondent, et al., Defendant.

First Department, December 17, 1974.

*Benjamin H. Siff* of counsel (*Thomas R. Newman* with him on the brief; *Kenneth Heller*, attorney), for appellant.

*Daniel L. Stonebridge* of counsel (*Thomas Healey* with him on the brief; *Darby, Healey & Stonebridge*, attorneys), for respondent.

CAPOZZOLI, J.   On this record we conclude that the United States District Court's order dismissing plaintiff's action '' on the merits, and with prejudice '' is binding on the courts of this State. The order of the Federal court is controlling. '' The State court may not sit as an appellate court reviewing the action of the Federal court ''. (*Ali Ben Ali* v. *Moore-McCormack Lines*, 286 App. Div. 462, 464.)   This is particularly so in the instant case in view of the affirmance of the order dismissing plaintiff's action by the United States Court of Appeals' for the Second Circuit and its earlier denial of a motion made by plaintiff, upon her original appeal, for leave to proceed pursuant to subdivision (b) of rule 60 of the Federal Rules of Civil Procedure (U. S. Code, tit. 28, Appendix) to reopen that judgment with respect to her withdrawal of the unseaworthiness cause of action.   The dismissal on the merits by the Federal court is binding on the courts of this State with regard to both plaintiff's cause of action based on negligence and her cause of action based on unseaworthiness, which could have been litigated in the Federal action.   (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116, 118.)   It is well settled that ''*res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, ' but also as respects any other available matter which might have been presented to that end '. *Grubb* v. *Public Utilities Comm'n, supra* [281 U. S. 470, 479] ''. (*Chicot County Dist.* v. *Bank*, 308 U. S. 371, 378.)

A final judgment on the merits of a court of competent jurisdiction is binding on the parties '' not only as to those matters actually litigated in the first suit but also as to those which

might have been litigated therein but were not [citing cases] * * * being based on the principle that the public interest demands that a party not be heard a second time on a cause of action or issue that he once had the opportunity to litigate [citing cases] ''. (*Stoner* v. *Culligan*, 32 A D 2d 170, 171.)

The orders of the Supreme Court dismissing plaintiff's complaint on the ground of *res judicata* should be affirmed, without costs and without disbursements.

NUÑEZ, J. P. (dissenting). I would reverse the orders appealed from insofar as they dismiss plaintiff's cause of action based upon breach of warranty of seaworthiness and deny dismissal.

In May, 1965 plaintiff commenced an action for damages for her intestate's wrongful death, in the United States District Court for the Southern District of New York. Plaintiff's intestate had been employed by respondent as chief officer on one of its ships. Her first cause of action was based upon defendant's negligence and the second upon unseaworthiness of the ship. In May, 1966, an action was commenced in New York Supreme Court based upon the same two theories of recovery against the same defendant. The State action lay dormant.

The case was tried in the Federal court. However, the cause of action based upon unseaworthiness was withdrawn prior to submission of the case to the jury. After reversal by the Second Circuit Court of Appeals the case came on for retrial before the same Judge who had presided at the original trial. Plaintiff refused to proceed to retry the case before the same Judge, claiming bias on the Judge's part. Her claim was disallowed. Plaintiff's counsel then stated unequivocally that he would never try the case before the same Judge. Plaintiff concurred in this resolve. Thereupon the court granted defendant's motion to dismiss the complaint on the merits and with prejudice. At that time the only cause of action before the court was the one based upon negligence. The unseaworthiness cause of action had been withdrawn. The Federal court could not dismiss something that was not before it. In March, 1973 defendant moved to dismiss the complaint in the State action upon the ground of *res judicata*, resulting in the orders appealed from granting such relief.

In our opinion Special Term erred in dismissing the cause based upon unseaworthiness. That cause, which was never litigated in the Federal court, is self-sufficient and independent of the traditional cause based upon negligence (*Milin* v. *United States Lines*, 31 N Y 2d 336). A dismissal upon the cause of action for negligence does not preclude recovery under the cause

for unseaworthiness (*Rice* v. *Atlantic Gulf & Pacific Co.*, 484 F. 2d 1318).

MURPHY, TILZER and LANE, JJ., concur with CAPOZZOLI, J.; NUNEZ, J. P., dissents in an opinion.

Orders, Supreme Court, New York County, entered on December 10, 1973 and March 27, 1974, respectively, affirmed, without costs and without disbursements.