■ AMERICAN BANK & TRUST COMPANY, Appellant, v MORTON LICHTEN-STEIN et al., Respondents.—Order, Supreme Court, New York County, entered January 10, 1974, denying plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Appeal from order of the Supreme Court, New York County, entered August 1, 1974, denying plaintiff's motion for reargument unanimously dismissed as nonappealable, without costs or disbursements *(Sklan v Sklan,* 29 AD2d 526; *United Artists Tel. v Quality Bakers of America Co-op,* 27 AD2d 651). During the period of 1967 through 1970 plaintiff loaned to the defendant over $5 million. The loans were represented by promissory notes, payable on demand and in addition, each of the defendants executed written guarantees for payment to the plaintiff of the obligations of each of the other defendants. The record establishes that there is an outstanding balance with respect to the above loans of $504,013.81, plus interest. Indeed, on the motion for summary judgment, defendants did not deny that such sum was not repaid but instead, asserted numerous affirmative defenses. A review of the record, however, establishes that those defenses were patently insufficient and failed to raise triable issues of fact. First, it is clear that the action was timely brought. In fact, most of the notes bear dates placing them well within the applicable period of limitations. And, those earlier notes to which the defense of the Statute of Limitations is apparently addressed, are no longer in issue since the debts underlying those notes have been extinguished as a result of plaintiff's having properly resorted to its contractual remedy and applying proceeds obtained from the sale of collateral to retire the earlier notes (cf. *House v Carr,* 185 NY 453; *Hulbert v Clark,* 128 NY 295). Second, the defense of usury is unavailable under these facts. The loans involved herein come within the scope of subdivision 3 of section 108 of the Banking Law and accordingly, are exempt from the usury laws. Even with respect to those individual notes which were for amounts of less than $5,000, the defense of usury is not applicable. It is clear that each note herein was part of a series of loans, evidenced by collateral promissory notes containing cross-collateralization provisions and therefore, each note became part of one entire loan exceeding $5,000, and within the above provision of the Banking Law *(Irving Trust Co. v Smith,* 349 F Supp 146). Third, the defense that the guarantees are not supported by consideration and therefore unenforceable is also without merit. The guarantees, which are in writing, were given upon the expressed past

consideration of "any financial accomodations given", and therefore, come within subdivision 5-1105 of the General Obligations Law, and are enforceable (see *Weyerhaeuser Co. v Gershman,* 324 F2d 163). Fourth, there is no merit to the defense of fraud in the inducement. That defense is based upon the allegation that an agent of the plaintiff initially informed the defendants that the account would be conducted or handled in the same manner and with "the same protections that existed for [defendants] with a stockbroker". And, it is stated that whereas a stockbroker would have required sale of the collateral when the account became undermargined, the bank, instead of following that practice, extended further loans to defendants. Aside from the fact that there is no showing that the alleged statement was made with an intent to defraud, it is nevertheless apparent that defendants were not caused any damage as a result of the alleged fraudulent statement. The subsequent loans were made upon defendants' requests and it is clear that the defendants willingly and with knowledge of the consequences accepted the moneys. Similarly, the contention that plaintiff breached a fiduciary duty owing to the defendants by failing to sell the collateral and accordingly permitted it to decrease in value, is equally devoid of merit. Plaintiff was not required either pursuant to contract or as a matter of law (see *Conlew Inc. v Newman,* 240 App Div 511; *Howell v Dimock,* 15 App Div 102; *First Trust & Deposit Co. v Conde Hardware Co.,* 47 Misc 2d 338) to sell the collateral. And indeed, defendants never requested that the collateral be sold and instead, elected to make additional loans to meet margin requirements. Finally, the claims that the plaintiff violated regulation "U" (12 CFR Part 221) in failing to maintain proper margin requirements and also, that plaintiff improperly failed to treat and hold separately stock-secured loans from bond-secured loans, do not raise triable issues of fact. We note that these claims were the subject of prior litigation in the Federal court where defendants herein as plaintiffs, sought to have the promissory notes declared void. That complaint, however, was dismissed by the United States District Court for the Southern District for failure to state a cause of action (72 Civ 814, Gagliardi [J.]), and the United States Court of Appeals affirmed the dismissal of the complaint without granting leave to replead. Such judgment is decisive of these issues (see 1B Moore, Federal Practice, par 0.409[1]; cf. *Wilkins v American Export Isbrandtsen Lines,* 46 AD2d 244). In any event, defendants have not come forth with facts indicating that the transactions were in any manner invalid or that the plaintiffs acted in violation of any statute or regulation. Settle order on notice. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.