OPINION OF THE COURT
Beverly S. Cohen, J.
Plaintiff moves for summary judgment in his suit to recover a bonus allegedly promised to him by defendant, his former employer.
*133 Plaintiff relies on a letter written to him by defendant on December 21, 1977. The letter reads:
"Dear Stan:
"I would like to take this opportunity to wish you and yours a Happy Holiday Season.
"My appreciation to you for all efforts expended on behalf of the company is expressed at this time.
"As you know, we have had a cash flow problem this past year and are just beginning to come out of it now. As is our customary procedure you will be receiving a Christmas bonus in the amount of $5,000.00. Also, you will be receiving an increase in salary to $500.00/week. Unfortunately, because of the cash flow problem, we cannot disperse the bonuses at this time but will be doing so in March or April of 1978, and ask that you kindly wait until that time to receive it.
"Again, I thank you for your efforts and patience during this difficult time which has been an invaluable help to me and the company. I ask you to continue in the same vein and together all will prosper from the combined efforts.”
"Best Wishes,
JOHN MEE, INC.
/s/ Herb
Herbert A. Sylvester President”
In order for plaintiff to recover for breach of contract, defendant’s letter must contain an unequivocal promise to pay a sum certain, at a date certain, and, further, it must conform with section 5-1105 of the General Obligations Law, by expressing in the letter the consideration for the promise.
The unequivocal promise to pay a sum certain is found in the words, "you will be receiving a Christmas bonus in the amount of $5000.00.” The date of payment is clearly defined in, "we cannot disperse the bonuses at this time but will be doing so in March or April”.
The payment of a Christmas bonus is by custom a reward by an employer to an employee for services rendered over the previous year. Plaintiff need not rely solely on the use of the *134 term "Christmas bonus” as an expression of consideration for the promise. The consideration is clearly expressed when the letter is read in its entirety. The General Obligations Law does not require the use of the talismanic words "in consideration of’. It is sufficient if the writing refers to the consideration, here, past services and couples that recitation with the promise to pay.
The past consideration is adequately expressed by "My appreciation to you for all efforts expended on behalf of the company is expressed at this time” and "Again, I thank you for your efforts and patience during this difficult time which has been an invaluable help to me and the company.”
Defendant’s letter constitutes an enforceable contract to pay plaintiff $5,000 by April, 1978.
Accordingly, plaintiffs motion is granted. Plaintiff shall have judgment against the defendant in the sum of $5,000 with interest from May 1, 1978.