GAIL ANDERSON, as Administratrix of the Estate of CARL E. ANDERSON, Deceased, Appellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY et al., Respondents.

Fourth Department, November 13, 1980

## APPEARANCES OF COUNSEL

*Byrne, Costello & Pickard, P. C. (Matthew V. Byrne* of counsel), for appellant.

*Hancock, Estabrook, Ryan, Shove & Hust (William L. Allen* of counsel), for Massachusetts Mutual Life Insurance Company, respondent.

*Robinson, Williams, Angeloff & Frank (Martha W. Arthur* of counsel), for First Federal Savings and Loan Association of Rochester, respondent.

*Philip C. Wood* for Carl J. Anderson, respondent.

**OPINION OF THE COURT**

Witmer, J.

The principal question presented on this appeal is whether an owner of real property subject to a mortgage may require a beneficiary of a life insurance policy to contribute pro rata to the payment of a loan when the mortgage and the life insurance policy both are conveyed as collateral security for the loan and when the creditor releases the life insurance policy to the beneficial owner thereof.

This action was begun for a declaration of the rights of the parties with respect to the application of two collateral security assets toward payment of the secured debt. The assets consisted of mortgages in the amount of $65,000 and $10,000, respectively, on a parcel of real property now in control of plaintiff and a life insurance policy in the amount of $100,000 of which the defendant Anderson is the beneficiary.

On March 1, 1973 plaintiff's intestate, Carl E. Anderson, deceased, bought a $100,000 life insurance policy from defendant Massachusetts Mutual Life Insurance Company and named his then wife as beneficiary. They were divorced in February, 1975 and he named his father, the defendant Carl J. Anderson, beneficiary of the policy. While still unmarried, on February 24, 1977 decedent assigned the policy to defendant First Federal Savings and Loan Association of Rochester (First Federal) as collateral security for a building loan which he had arranged to obtain from that defendant. The assignment of the life insurance policy was a general one "as security for any and all liabilities" of the assignor then existing or later incurred. Eight days later he executed a promissory note secured by a mortgage, both in the sum of $65,000, to defendant First Federal on the real property on which he was building a new home. About a year later he executed another promissory note to defendant First Federal

secured by a mortgage on the same real property in the sum of $10,000 for a home improvement loan.

On February 10, 1979 the insured debtor-assignor died intestate and plaintiff, whom he had married after making the assignment, was appointed administratrix of his estate. At that time there was owing to defendant First Federal the sum of $64,241.26 on the original mortgage loan plus the sum of $9,850.63 on the home improvement loan, totaling $74,091.89. On July 6, 1979 First Federal released the policy to the beneficiary, decedent's father; and so the insurer, Massachusetts Mutual Life Insurance Company, on July 11, 1979 paid to the father the net proceeds of the policy, amounting to the sum of $95,586.10. Demanding that decedent's indebtedness to the bank be paid out of the proceeds of the life insurance policy, in August, 1979 plaintiff instituted this action to require that part of the proceeds of the policy be applied to pay in full the estate's indebtedness to First Federal.

On the pleadings the parties respectively moved and cross-moved for summary judgment. They agreed that there was no question of fact. Special Term denied plaintiff's motion and granted the motions of the respective defendants for summary judgment dismissing the complaint (Anderson v Massachusetts Mut. Life Ins. Co., 101 Misc 2d 582); and plaintiff appeals therefrom.

Shortly after entry of that order plaintiff moved to renew her motion for summary judgment against the defendants on the ground of newly discovered evidence. In the original answer defendant First Federal had pleaded that the release of the life insurance policy by one of its officers was unauthorized; but on plaintiff's motion to renew, defendant First Federal in effect withdrew that contention and acknowledged that the release was duly executed. In a memorandum opinion Special Term denied the motion to renew, on the grounds, firstly, that plaintiff knew the alleged newly discovered evidence when she made her original motion and, secondly, that since defendant First Federal was not protesting the release of the life insurance policy, there was no merit to the motion. We agree, and the order entered on that decision should be affirmed.

The essential question on this appeal is whether plaintiff is entitled to have defendant Anderson pay all or part of the decedent's debt to defendant First Federal. Although the proceeds of the life insurance policy exceed the debt, we agree

with Special Term that EPTL 3-3.6 (subds [a], [b]) do not entitle plaintiff to require that the debt be paid exclusively out of the proceeds thereof. Although those subdivisions place the primary obligation of satisfying a secured debt on the specific property securing it rather than on the general assets of the estate (see *Jemzura v Jemzura,* 36 NY2d 496), they were not intended to control the present situation wherein two assets are pledged to secure a debt (see NY Legis Doc, 1965, No. 19, Appendix 24, Report No. 8.2.3A, p 418).

Prior to 1965 where an insured obtained a loan from his insurance company on his life insurance policy, upon his death the beneficiary was entitled only to the balance of the proceeds of the policy after payment of the debt, without recourse to the general assets of the estate (see *Matter of Hayes,* 252 NY 148; *Wagner v Thieriot,* 203 App Div 757, affd on opn below 236 NY 588). Where, however, the insured borrowed money from a third person, such as a bank, and assigned his life insurance policy as collateral to secure the loan, in the absence of contrary provision in the loan agreement upon the insured's death the beneficiary was subrogated to the rights of the creditor against the estate and thus was entitled to have the estate reimburse him for the amount of the estate's debt to the creditor which the creditor had deducted from the proceeds of the policy (see *Walzer v Walzer,* 3 NY2d 8). The courts have long criticized such preferential treatment accorded to the beneficiary of a pledged life insurance policy (see *Matter of Van Hoesen,* 192 Misc 689, 694; NY Legis Doc, 1965, No. 19, Appendix 24, Report No. 8.2.3A, pp 412-415).

Moreover, prior to 1965 a specific legatee of personal property (see Decedent Estate Law, § 20) and a devisee of real property (see Real Property Law, § 250) took such property "as is", that is, subject to whatever encumbrances were on it at the time of the testator's death (see NY Legis Doc, 1965, No. 19, Appendix 24, Report No. 5.19.4A, pp 375, 383, 387). These statutes were based upon the presumed intent of the testator not to exonerate (NY Legis Doc, 1965, No. 19, Appendix 24, Report No. 5.19.4A, pp 387-388). In addition, prior to the 1965 amendment of section 20 of the Decedent Estate Law (ch 588) and its subsequent reenactment as EPTL 3-3.6 (L 1966, ch 952; former § 3-3.5 renumbered § 3-3.6, L 1967, ch 472, § 2), section 20 of the Decedent Estate Law as amended in 1962 (ch 552, § 13) provided in part with respect to encumbered personal

property specifically bequeathed in the absence of express provision otherwise, that "Where such personal property specifically bequeathed has been made subject to any lien or security interest with other personal property, the specifically bequeathed property shall bear its proportionate share of the total lien or security interest." With respect to real property specifically devised the law was essentially the same except that it also provided that, "Where such real property is distributed or devised to two or more persons, the interest in the real property so distributed or devised to each of these persons shall, as between such distributees or devisees, bear its proportionate share of the total mortgage or other charge." (Real Property Law, § 250, as amd by L 1946, ch 265). These statutes did not provide for the situation where two items of property, one real and the other personal, in which different persons had eventual beneficial interests, were pledged as collateral for a single loan. Prior to 1965 there was no statutory provision governing the right of contribution in such situations.

It was the intent of the drafters of the 1965 legislation to bring uniformity to the law with respect to the rights of beneficiaries of encumbered real property and personal property, including life insurance, and make uniform provision for contribution to the payment of a debt secured by one or by more than one asset (see NY Legis Ann. 1965, p 204; NY Legis Doc, 1965, No. 19, Appendix 24, Report No. 8.2.3A, pp 408-420). As far back as 1943 the Executive Committee of New York State Surrogates' Association proposed a bill which would explicitly apply to plaintiff and defendant Anderson in this case (NY Legis Doc, 1965, No. 19, Appendix 24, Report No. 5.19.4A, pp 379-380), and it was the intent of the draftsmen of the 1965 amendment that some form of this proposal be enacted (NY Legis Doc, 1965, No. 19, Appendix 24, Report No. 5.19.4A, p 380). In EPTL 3-3.6 (subd [c], par [2]) the Legislature complied by providing as follows:

"(c) Where any lien, security interest or other charge encumbers:

"(2) Two or more properties, each such property shall, only as between the recipients thereof, bear its proportionate share of the total encumbrance." (See L 1966, ch 952; formerly § 3-3.5, renumbered 3-3.6, L 1967, ch 472, § 2; amd L 1967, ch 686, § 21, both eff Sept. 1, 1967.)

The purpose of this particular subdivision was to prevent a

creditor from adversely affecting the ultimate rights of an owner of one of two items of collateral pledged to secure a debt by releasing one of the assets and holding the other for payment of the debt. Although in the absence of contrary agreement the creditor has the right to release such asset (see *Matter of Vicinus,* 159 Misc 903, 908; see, also, *People v Remington & Sons,* 121 NY 328, 334; *American Bank & Trust Co. v Lichtenstein,* 48 AD2d 790, 791, affd 39 NY2d 857), the statute protects the offended beneficiary. The other beneficiary may not receive such a windfall by reason of the whim of the creditor and, as between both beneficiaries, must contribute his pro rata share.

Thus, the ordering paragraph dismissing the complaint as against defendant Anderson should be reversed and summary judgment should be granted to plaintiff declaring that she is entitled to have the proceeds of the life insurance policy contribute pro rata with her mortgage obligations to the payment of the estate indebtedness to defendant First Federal.

The matter should, therefore, be remitted to Supreme Court, Onondaga County, for determination of the appraised value of the real property mortgaged to secure the decedent's debts to First Federal, the amount of such debts, and the pro rata amounts which must be charged to the mortgaged property and the life insurance proceeds in satisfaction of such debts.

In all other respects the order should be affirmed.

CARDAMONE, J. P., SCHNEPP, CALLAHAN and MOULE, JJ., concur.

Order [dismissing complaint] unanimously modified, and as modified, affirmed with costs to plaintiff.

Order [denying motion to renew] unanimously affirmed for the reasons stated in the memorandum at Special Term.