In re Barbara R. LEVINE, Debtor.

LINCOLN FIRST BANK, N.A.,
Plaintiff-Appellee,

v.

BANKERS TRUST COMPANY,
Defendant-Appellant,

and

Bank of New York, David & Joan Mykoff,
City-Trust, Manufacturers Hanover
Trust Co., North American Reassurance
Co., Jeffrey Sapir and Barbara R. Levine, Defendants.

No. 83 Civ. 677 (MEL).

United States District Court,
S.D. New York.

Sept. 7, 1983.

Farrauto, Berman & Fontana, Yonkers, N.Y., for plaintiff-appellee; Richard G. Fontana, Yonkers, N.Y., of counsel.

Harvey Blecher, New York City, for defendant-appellant.

LASKER, District Judge.

Defendant-appellant Bankers Trust Company ("Bankers Trust") appeals from an order of the Honorable Howard Schwartzberg, Bankruptcy Judge, which ruled that the mortgage held by Bankers Trust on the residence of the debtor, Barbara Levine, and her husband, Morris Levine, is unenforceable because not supported by valid consideration.

As set forth in the bankruptcy court's findings of facts, none of which is challenged here, Levine filed a Chapter 13 petition on June 29, 1981, pursuant to the Bankruptcy Reform Act of 1978, 11 U.S.C. § 1301 *et seq.* An adversary proceeding was commenced pursuant to 11 U.S.C. § 506 in May 1982 by Lincoln First Bank, N.A. ("Lincoln") a creditor of Levine's, to determine the extent, validity and priority of various liens entered against the Levines' property. The subject of this appeal is the enforceability of a mortgage on their property executed by the Levines in favor of Dr. David Mykoff, the debtor's brother-in-law, and his wife Joan.

Between 1959 and 1976, the Mykoffs advanced funds to the Levines totalling approximately $54,000. The last advance was made in June, 1976, for $14,000. On September 2, 1976 the Levines executed a mortgage bond, by which they undertook to pay the Mykoffs $54,000 on September 2, 1977, with interest at 8% per year to be paid monthly beginning on October 2, 1976. As security the Levines executed a mortgage on their residence in-Scarsdale, New York.

The Levines made one payment of approximately $19,000 on February 9, 1978. In October 1979 the Mykoffs assigned the bond and mortgage to Bankers Trust, in return for which Bankers Trust agreed to forbear enforcing against the Levines two promissory notes totalling $45,000.

Following a hearing, the bankruptcy court entered a decision finding that the amounts advanced to the Levines by the Mykoffs were bona fide loans and not gifts, as Lincoln had claimed. The court went on to hold, however, that the obligation evidenced by the mortgage bond was supported only by past consideration—namely, the $54,000 previously advanced by the Mykoffs—and therefore the bond and the mortgage securing it were unenforceable. The court considered the applicability of New York General Obligations Law ("N.Y. G.O.L.") § 5–1105 (McKinney 1978), which provides that a written promise signed by the promisor and expressing past consideration given for the promise is enforceable if the consideration is proved to have been given, but held the provision inapplicable because the mortgage bond did not adequately express the past consideration given for the bond.

The court also considered and rejected the argument that the bond was a negotiable instrument and therefore that pursuant to New York Uniform Commercial Code ("N.Y.U.C.C.") § 3–408 (McKinney 1964) the lack of valid consideration did not affect Bankers Trust's secured status. This ruling was based on the court's finding that the bond by its terms was not payable simply to order or to bearer, but instead to "the obligee, and the executors, administrators, successors or assigns of the obligee." In a second decision granting reargument on the issue of the negotiability of the bond the court held, based on a statutory provision not previously brought to its attention, that the negotiability of the bond was not defeated by the quoted language. See N.Y.U. C.C. § 3–110(1) (McKinney 1964). The court nevertheless adhered to its original decision holding the bond not to be a negotiable instrument, this time on the ground that the bond by its terms was made subject to the terms of the mortgage and therefore was not an unconditional promise to pay as required by N.Y.U.C.C. § 3–104(1)(b) (McKinney 1964). 24 B.R. 804 (D.C.1982).

Bankers Trust appeals the bankruptcy court's decision on the grounds that: (1) the mortgage bond adequately expresses the past consideration given by the Mykoffs as required by New York General Obligations Law § 5–1105 and the mortgage is therefore supported by an enforceable obligation; (2) the bond is supported by legally sufficient present consideration in the form of (a) the Mykoffs' forebearance, in accepting payment under the terms of the mortgage bond, from commencing legal action to collect on the debt and/or (b) the Levines' moral obligation to repay the debt; and (3) the bond is a negotiable instrument under Article 3 of the N.Y.U.C.C. despite its reference to the mortgage.

### I. Scope of Review

■ Under Rule 810 of the Rules of Bankruptcy Procedure, the bankruptcy court's findings of fact must be accepted unless they are clearly erroneous. This standard, however, is inapplicable to the bankruptcy court's conclusions as to legal issues or issues of mixed fact and law. See *In re Lurie,* 385 F.Supp. 784 (E.D.N.Y.1974). The parties are agreed that the question of past consideration, which we find dispositive, raises only questions of law which are subject to plenary review by this court.

### II. Past Consideration

■ Although under the common law a promise is unenforceable if the only consid-

eration supporting it was given before the promise was made and without reference to the promise, N.Y.G.O.L. § 5–1105 mitigates this rule by prescribing conditions under which past consideration is sufficient to make a promise legally binding. Section 5–1105 provides:

"A promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed."

Bankers Trust argues that the mortgage bond, which is signed by the Levines and recites the consideration given by the Mykoffs, and as to which there is no question that the consideration was actually given, is valid and enforceable pursuant to N.Y.G.O.L. § 5–1105. The mortgage bond states in relevant part:

"Know all men by these presents, that Morris M. Levine and Barbara R. Levine ... hereinafter designated as the obligor, does hereby acknowledge the obligor to be justly indebted to David Mykoff and Joan Mykoff ... hereinafter designated as the obligee, in the sum of FIFTY FOUR THOUSAND dollars ... which sum said obligor does hereby covenant to pay the said obligee, and the executors, administrators, successors or assigns of the obligee, on September 2nd, 1977, with interest thereon to be computed from the date hereof at the rate of eight (8%) per centum per annum and to be paid on the 2nd day of October, 1976, next ensuing and monthly thereafter."

The bankruptcy court held that, although the requirements of § 5–1105 were otherwise satisfied, the bond did not create an enforceable obligation under that section because it did not indicate clearly enough that the $54,000 had been advanced to the Levines in the past rather than at the time the bond was executed.

In concluding that the requirements of § 5–1105 were not met by the mortgage bond, the court relied on language in *Persico Oil Co., Inc. v. Levy,* 64 Misc.2d 1091, 316 N.Y.S.2d 924 (Sup.Ct.Albany Co.1970), construing § 5–1105:

"Literally, the verb 'express' means exact, precise; to state directly and distinctly.... [T]he language used by defendant could refer to any debt or obligation that might exist between the parties. Even if the verb 'express' should be loosely considered a synonym of 'describe' the writing is wanting in detail sufficient to even create an image of the consideration."

*Id.,* 64 Misc.2d at 1092, 316 N.Y.S.2d at 925. In the case at hand the bankruptcy court found a similar deficiency in the writing relied on by Bankers Trust because, in the court's words, "[t]here is no reference in the document to any 'funds already received' or some phrase of a similar nature that would sufficiently serve as an 'expression' of the consideration received from the promise." 23 B.R. 410 at 415 (Bkrtcy.1982).

A comparison of the writings relied upon in *Persico, supra,* and in the instant case, however, leads to the conclusion that the reservations expressed in *Persico* have little applicability here. The writing in *Persico* was a letter which stated:

" 'I feel very badly that I have neglected this bill but my intentions were to straighten it up when I received some money from the people that took over the factory. As I am sure you know by now, I never received anything. I have had some financial problems since I have been down here but will make every effort to clear this up in the forthcoming year. I will send a payment in the end of January and try to send a monthly payment after that until I clear up the balance.' "

*Id.,* 64 Misc.2d at 1092, 316 N.Y.S.2d at 925. The letter in *Persico,* which mentions no dollar amount, plainly is, as the court in that case stated, "vague, inexact and totally without meaning or comprehension unless resort is had to evidence extrinsic to the instrument in question," and "could refer to

any debt or obligation that might exist between the parties." *Id.* The same observations cannot fairly be made as to the mortgage bond at issue in this case. The bond is a formal document which "acknowledge[s] [the Levines] to be justly indebted to David Mykoff and Joan Mykoff . . . in the sum of FIFTY FOUR THOUSAND dollars. . . ." It provides a clear and certain basis for determining the amount of the indebtedness which was intended to serve as consideration for execution of the bond, and we believe that this language adequately serves the purpose of N.Y.G.O.L. § 5–1105 and that the statute requires no more. *Compare American Bank & Trust Co. v. Lichtenstein,* 48 A.D.2d 790, 369 N.Y.S.2d 155 (1st Dep't.1975) (writing which referred to "any financial accommodations given" adequately expressed the past consideration under N.Y.G.O.L. § 5–1105. *See also Weyerhaueser Co. v. Gershman,* 324 F.2d 163 (2d Cir.1963); *Citibank National Association v. London,* 526 F.Supp. 793 (S.D.Tex.1981). As stated in *Sarama v. John Mee, Inc.,* 102 Misc.2d 132, 422 N.Y.S.2d 582 (Civil Ct.N.Y. Co.1979), quoted by the bankruptcy court:

> "The General Obligations Law does not require the use of the talismanic words 'in consideration of.' It is sufficient if the writing refers to the consideration, here, past services, and couples that recitation with the promise to pay."

*Id.,* 102 Misc.2d at 133, 422 N.Y.S.2d at 583.

The bankruptcy court appears to have given decisive weight to its observation that, although the amount of the consideration is explicitly mentioned in the bond, the bond does not unequivocally indicate that the consideration was past consideration. We believe this treatment of the mortgage bond to be unsuitably narrow, and unsupported by any case law focusing upon the question whether the *past* nature of the consideration (as opposed to the amount of the consideration, for example) was adequately described. The bond does recite that the Levines "are justly indebted" to the Mykoffs, and even if this does not unequivocally indicate that the consideration was given prior to the execution of the bond (although a strong argument can be made that it does), we can think of no possible policy underlying the adoption of N.Y.G.O.L. § 5–1105 which would be served by denying effect to the bond. On the contrary, the provision appears to have been adopted precisely to avoid the anomaly of denying a promise the effect that both sides to the promise clearly intended it to have. Accordingly, we hold that the mortgage bond evidences an enforceable obligation to pay the Mykoffs, and hence their assignee, Bankers Trust, the amount reflected in the bond, and that Bankers Trust therefore holds a valid secured interest in the Levine residence by virtue of the mortgage.

The remaining issues raised by Bankers Trust—i.e., whether the Mykoffs' forbearance to sue on the debt and/or the Levines' moral obligation to pay the debt constituted adequate consideration, and whether the mortgage bond is a negotiable instrument under the N.Y.U.C.C.—need not be addressed in light of our decision on the issue of past consideration. We note in addition that the issues of forbearance and moral obligation as consideration were not raised before the bankruptcy court, and appear to present factual questions which would prevent consideration of these issues on appeal.

For the foregoing reasons, the decision of the bankruptcy court is reversed and the orders entered September 30th and November 23, 1982 are vacated.

It is so ordered.