In re LIONEL LEISURE,
INC., et al., Debtors.

**Murray KLEIN, Stanley Zabar and Saul Zabar, as Tenants in common, Plaintiffs,**

v.

**LIONEL LEISURE, INC., Civale & Trovato, Inc. and J. United Electrical Contracting Corp., Defendants.**

**No. 92 Civ. 8366 (JFK).**

United States District Court,
S.D. New York.

Sept. 14, 1993.

Ross & Cohen, New York City (John S. Wojak, Jr., of counsel), for appellant/defendant Civale & Trovato, Inc.

Rubin Baum Levin Constant & Friedman, New York City (Paul Aloe and Craig Weiner, of counsel), for appellees/plaintiffs Murray Klein, Stanley Zabar and Saul Zabar.

Angel & Frankel, P.C., New York City (Kevin Toole and Jonathan Drucker, of counsel), for appellee/defendant Lionel Leisure, Inc.

### OPINION AND ORDER

KEENAN, District Judge:

Defendant–Appellant Civale & Trovato, Inc. ("CTI") appeals from the October 22, 1992 order and judgment of the bankruptcy court granting Appellees' motion for summary judgment and vacating CTI's mechanic's lien against certain real property owned by Appellees Stanley and Saul Zabar ("Owners") and leased to Lionel. On appeal, CTI contends that the bankruptcy court (i) erred in holding that CTI's post-petition service of its mechanic's lien upon the Owners and CTI's post-petition filing of proof of service violated the automatic stay and (ii) erred in finding that CTI's filing the notice of mechanic's lien one week before the filing of the Chapter 11 petition was an impermissible preferential transfer in violation of § 547(b) of the Code.

### BACKGROUND

Plaintiffs–Appellees Stanley and Saul Zabar are the owners of certain real property located at 2220–2226 Broadway in Manhattan ("the Premises"). Under a 13–year lease agreement between the Owners and Lionel, Lionel used the premises to construct and operate a "Kiddie City" toy store. Lionel hired CTI to perform the construction, which was completed on October 31, 1990. CTI alleges that Lionel still owes $168,462.00 of the $1,690,677.00 cost of construction. Accordingly, on June 7, 1991, CTI filed a notice of mechanic's lien

with the Clerk of New York County claiming a lien against the Premises in the amount of $168,462.00 ("Lien"). One week later, on June 14, 1991, Lionel and its parent company, the Lionel Corporation, filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York. CTI filed proof of service of the notice of mechanic's lien on July 11, 1991.

The Owners commenced the underlying adversary proceeding on October 1, 1991, asserting eight claims for relief. The first claim, which is the subject of this appeal, alleges that CTI's purported lien violates the automatic stay triggered by Lionel's bankruptcy filing[1] and is thus invalid. Lionel, also a defendant in the adversary proceeding, cross-claimed against CTI, alleging that CTI's lien was avoidable as a preferential pre-petition transfer pursuant to § 547 of the Code.

On August 4, 1992, the Owners and Lionel (here, "Appellees") served a joint motion for summary judgment against CTI on Count 1 of the amended complaint and on Lionel's cross-claim against CTI. CTI cross-moved for summary judgment on those claims and moved to dismiss Count VII, which sought punitive damages. Judge Lifland heard oral argument on October 13, 1992 and rendered his decision on the record, ruling that CTI's post-petition serving and filing were acts to enforce a lien against property of the estate and thus violated the automatic stay. *See* Trial Transcript at 31.

## DISCUSSION

### I. Standard of Review

■ The bankruptcy court's conclusions of law are reviewed de novo. *See In re Levine*, 32 B.R. 742 (Bankr.S.D.N.Y.1983), *aff'd*, 732 F.2d 141 (2d Cir.1984).

### II. Violation of the Automatic Stay

11 U.S.C. section 362(a)(4) stays "any act to create, perfect or enforce any lien

against property of the estate." Section 362(b)(3), however, makes an exception for postpetition filing "to the extent that the trustee's rights and powers are subject to such perfection under § 546(b) of this title." Section 546(b), in turn, delineates limitations on avoiding powers as follows:

the rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection.

■ Under section 10 of the New York Lien Law, "notice of lien may be filed at any time during the progress of the work and the furnishing of the materials, or within four months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last time of work performed or materials furnished." At the time the notice of lien and bankruptcy petitions were filed, New York Lien Law section 13(5) permitted mechanics' liens to "relate-back" for purposes of priority to the date the work was performed, provided that the notice of lien was filed within four months of the work's completion.

In this case, CTI filed its notice of lien on June 7, 1991, approximately seven months after the construction work had been completed. Because CTI did not file the lien within the four-month period of section 13(5), Judge Lifland found that the lien did not relate back to the date of the work's performance and thus did not fall within the exceptions to the automatic stay pursuant to Code sections 362(b)(3) and 546(b). This Court agrees. Because CTI failed to file its lien within the four-month period, it cannot reap the benefit of avoiding the automatic stay provision. Accordingly, Judge Lifland's determination that the filing and service of the notice of lien were invalid is affirmed.

---

**1.** 11 U.S.C. § 362(a) provides that "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of— ...

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title."

## III. Preferential Transfer

11 U.S.C. Section 547(b) provides that a trustee may avoid any transfer of the debtor's property "to or for the benefit of a creditor, for or on account of an antecedent debt owed by the debtor before the transfer was made, ... within 90 days before the date of the filing of the petition," where the transfer enabled one creditor to obtain a greater percentage of his debt than some other creditor of the same class.

CTI filed its notice of lien on June 7, 1991, seven days before Lionel filed its Chapter 11 petition. While the notice of lien was filed to create a secured interest in both the Lionel leasehold estate and the Zabars' remaining interest in the premises, CTI claims that its lien falls within the exception set out in section 547(c)(6). That section provides that the trustee may not avoid a transfer "that is the fixing of a statutory lien that is not avoidable under section 545 of this title."

■ When a notice of mechanic's lien is filed within the relate-back period of Lien Law section 13(5), the statute deems the lien to be fixed as of the date the work commenced, not the date that the notice of lien was ultimately filed. Thus, a bankruptcy trustee cannot avoid such a lien as a preferential transfer, even though the actual filing of the lien may have occurred only shortly before the bankruptcy filing.

■ Because CTI did not file the notice of lien within the prescribed statutory period, its lien is not a statutory lien within the meaning of section 547(c)(6). Accordingly, the filing of the notice of lien constituted an invalid preferential transfer under section 547(b), as Judge Lifland held.

### CONCLUSION

Judge Lifland's October 13, 1992 ruling is affirmed. This action is ordered removed from the Court's active docket.

**SO ORDERED.**